## LOYAL UNION CIRCLE v. ROSE.

No. 16399—Opinion Filed April 6, 1926.

1. **Trial—Order of Proof—Exclusion of Evidence Offered Out of Time.**

The party on whom rests the burden of proof must first produce his evidence, and the adverse party will then produce his evidence. It is not error to exclude evidence offered out of time.

2. **Appeal and Error—Harmless Error—Exclusion of Evidence.**

The exclusion of competent evidence will not work a reversal of the judgment when it is apparent that such evidence. if admitted. would not change the result of the trial.

3. **Trial—Refusal of Instructions Unsupported by Evidence.**

Record examined, and held. there was no error in refusing to give requested instructions.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by Britton Rose against Loyal Union Circle. Judgment for plaintiff, and defendant brings error. Affirmed.

Benjamin B. Wheeler, for plaintiff in error.

Phillips & Phillips, for defendant in error.

Opinion by JARMAN, C. In 1921, Roy Rose made application to the Loyal Union Circle for a certificate of membership and policy of insurance and in said application warranted, among other things, that he did not have tuberculosis. Upon the application being filed, the Loyal Union Circle issued a membership certificate and policy of insurance, and designated Britton Rose as the beneficiary. On September 6, 1923, the insured died of tuberculosis, and thereafter this action was begun by Britton Rose to recover the sum of $675 upon the policy, resulting in a verdict and judgment for the plaintiff in the sum of $650, from which the defendant has appealed.

As a defense, the defendant alleged that the insured had tuberculosis at the time he made application for a certificate of membership and the policy of insurance, which he well knew, and therefore the policy sued upon was void.

The sole issue submitted to the jury was whether the insured had tuberculosis at the time the application was executed by him. The defendant contends that the court erred in refusing to admit in evidence the certified copy of the application of the insured to the United States Veterans Bureau for admission to a government hospital. In January, 1923, the insured, a World War veteran, had become ill and made application to the United States Veterans Bureau for admission to a government hospital. Britton Rose, plaintiff, was the first witness to testify in his behalf, and, on cross-examination, testified that an application had been made by the insured for admission to a government hospital, and thereupon the defendant sought to introduce a copy of such application, duly certified by Frank T. Hines, director of the United States Veterans Bureau, having charge of applications of the nature of the one here in question. Said application, among other things, contained the following questions and answers:

"11. Nature of disability claimed: T. B. Degree of disability: * * *

"12. Date disability began: August 1, 1922.

"13. Cause of disability: Exposure.

"14. Where received: France."

The insured enlisted in the United States army in March, 1918, and went to France and was discharged from the army in September, 1919. The application for the insurance was made in 1921, after the insured had returned from France and had been discharged from the army. It is the contention of the defendant that the statements of the insured in his application for admission to a government hospital, wherein he stated that the cause of his disability was exposure, which was received in France, were germane to the issues involved, and that the trial court grievously erred in refusing to admit such statement in evidence. This certified application for admission to a government hospital, being an exemplification of a record filed in a department of the government of the United States, was properly admissible under section 651, C. S. 1921, and, upon timely offer being made, the same was properly admissible in evidence. The record shows, however, that the trial court did not unqualifiedly refuse to permit said application to be introduced in evidence, but sustained the objection to the introduction of said instrument in evidence in the following language: "Sustained at this time," indicating that the court was merely holding that said instrument was inadmissible in evidence at that stage of the proceedings. Was the defendant entitled to introduce said instrument in evidence during the cross-examination of the plaintiff, when he was on the witness stand as a witness in chief for himself? The sole defense of the defendant was that the insured knew he had tuberculosis at the time the application for the insurance was made. The certified copy of the application for admission to a government hospital was offered for the purpose of attempting to show that the insured knew he had tuberculosis on the date when the application for the insurance was made. This evidence was purely a defensive matter, and was improper cross-examination, and the trial court properly concluded that said instrument was not admissible at that time. Under section 541, C. S. 1921, the burden in the first instance rested upon the plaintiff to produce evidence to sustain the issue in his behalf, and after the evidence of the plaintiff was closed, the burden then devolved upon the defendant to submit evidence to support its defense. This evidence was not tendered as a part of the defense of the defendant, and since an offer of said evidence was not made at a time when the same was properly admissible, the court properly excluded the same.

The defendant next complains of the action of the trial court in excluding from evidence the proof of death, which consisted of three documents. The first was the claim certificate of the beneficiary, Britton Rose; the second was the notice and proof of death, being the attending physician's certificate; and the third was the undertaker's certificate. The trial court permitted the claim certificate, executed by the plaintiff, to be introduced in evidence, but sustained an objection to the introduction of the notice and proof of death executed by the attending physician. The physician's certificate recited that he was first called to treat the insured on August 20, 1923, and further stated that in his judgment the insured had suffered for a period of "some two or three years" from tuberculosis. Regardless of whether the certificate of the physician was admissible in evidence, it is clear that the same would have no probative value. The application for the insurance was made in August, 1921, and, under the statement of the physician in his certificate, the tuberculosis could just as well have been contracted by the insured after the application for the insurance was executed, and, besides, the proffered evidence was too indefinite to have produced a different judgment, so, in any event, the exclusion of said certificate could be, at most, only harmless error.

The defendant next contends that the trial court erred in refusing to admit in evidence a letter written by the plaintiff to the defendant under date of November 16, 1923. The record shows that, after the death of the insured, the defendant wrote a letter to the plaintiff and deposited the same, with postage duly prepaid, properly addressed to the plaintiff at Durant, Okla., his post office address. The letter propounded certain questions and left blank spaces for answers to be given by the plaintiff, and directed the plaintiff to fill in the answers and return the letter. The letter offered in evidence by the defendant contained the following questions and answers:

"No. 1. When did the deceased first apply to the government for medical treatment? Answer. About January 10, 1923.

"No. 2. Did he acquire the disease while in government service, thereby giving him free government treatment and compensation? Answer: Yes.

"No. 3. About what date was he discharged from service? Answer: Sept. 11, 1919.

"No. 4. When did his health first begin failing him and when did he first know of the disease with which he was affected? Answer: November, 1922."

The secretary of the defendant testified that he mailed the letter in question to the plaintiff, and that he received the same in due course of mail, duly addressed to the defendant, with the answers given as shown by the letter offered in evidence. The answers were typewritten and the letter was not signed by the plaintiff, and there is nothing to connect him with the letter except the testimony of the secretary of the defendant that he mailed the letter, postage prepaid, duly addressed to the plaintiff at his post office address, Durant, Okla.; and, under the rule announced in Reeves & Co. v. Martin, 20 Okla. 558, 94 Pac. 1058, this showing was sufficient to create a prima facie presumption of the delivery of the letter to the plaintiff, and said presumption continued until it was overcome by contradictory evidence. The testimony of the plaintiff, that he did not receive said letter and that he never made the answers to the questions therein propounded, is sufficient contradictory evidence to overcome the presumption that he did actually receive said letter; therefore, the trial court properly excluded the same from evidence.

The only other errors assigned pertain to the refusal of the trial court to give certain requested instructions, which are to the effect that if the insured had tuberculosis at the time the application for insurance was made, there would be no liability on the insurance policy, and the jury should return a verdict for the defendant. It is useless to discuss this assignment of error, for there is no evidence from which the jury could find that the insured had tuberculosis at the time the application for insurance was made.

For the reasons hereinabove given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1352; 26 R. C. L. p. 1036. (2) 4 C. J. p. 1004 § 2986; 2 R. C. L. p. 253; 1 R. C. L. Supp. p. 477; 4 R. C. L. Supp. p. 98; 5 R. C. L. Supp. p. 88. (3) 38 Cyc. p. 1619; 2 R. C. L. p. 261; 1 R. C. L. Supp. p. 484; 4 R. C. L. Supp. p. 100; 5 R. C. L. Supp. 90.