## MATTOX v. MATTOX.

No. 17551. Opinion Filed March 6, 1928.

(Syllabus.)

1. **Appeal and Error—Review—Conclusiveness of Findings in Equity Case.**

Paragraph 1 of the syllabus in Moorman v. Pettit, 119 Okla. 22, 248 Pac. 838, is hereby adopted as paragraph 1 of the syllabus in this case.

2. **Appeal and Error—Harmless Error—Exclusion of Cumulative Testimony.**

In a controversy between parents over the custody of their child a few months less than 11 years of age, where the best welfare of the child was the paramount question, and where it appears that its testimony would have been cumulative, arbitrary refusal of the court to permit the child to testify in behalf of one parent was harmless error.

3. **Divorce—Custody of Child—Decree of Alternating Custody Modified to Require Nonresident Parent to Give Bond for Return of Child.**

In such action, where one of the parents, to whom custody of the child is awarded un-

der a judgment of alternating custodianship, resides without the state, the court may permit the child to be taken beyond the limits of the state during the period of custody upon the giving of a bond by the nonresident parent in such sum as may be fixed, conditioned for the faithful observance of the judgment and return of the child upon the termination of such custodianship.

### 4. Same—Judgment Sustained.

Record examined, and held, that the trial court, in the exercise of its discretion, committed no abuse thereof to the manifest prejudice of the best welfare of the child in the judgment of award.

Commissioners' Opinion, Division No. 1.

Error from District Court, Bryan County; Porter Newman, Judge.

Application by Ona Lorna Mattox for modification of judgment awarding custody of minor child. Judgment modified, and both the applicant and Kenton Mattox, respondent, appeal. Affirmed.

Utterback & Stinson, for plaintiff in error.

Hatchett & Ferguson and Hatchett & Semple, for defendant in error.

TEEHEE, C. On November 29, 1922, the marital relationship of Kenton Mattox and Ona Lorna Mattox, who in this cause are referred to as plaintiff and defendant, respectively, was judicially dissolved, with the custody of Bobby Brown Mattox, then a few months past seven years of age, the issue of the sundered union, by the court awarded to plaintiff's mother for nine months, and to defendant for the three summer months, of the year, on the condition that she execute a bond for the return of the child upon the expiration of the period of her custodianship. At the time of the judicial separation, plaintiff, the father, with the boy, resided at his mother's home at Durant, where he continued to reside thereafter, while the defendant resided at Los Angeles, Cal., to which place she returned after the trial. In July, 1923, defendant married a Mr. Creakbaum, and established her residence at Pasadena, Cal., where she was living at the time of the cause in hand.

In May, 1926, the paternal grandmother of the boy departed this life. On April 10, 1926, defendant filed her application for a modification of the judgment in the original cause in respect to the custody of her offspring, alleging that by reason of the death of the paternal grandmother, her cocustodian, the situation of the parties to the original cause had materially changed; that she was then prepared and was financially able to have the complete custody of her boy, who was then a little less than 11 years of age; that there was no one left to take the place of a mother to the child in the home of plaintiff, and for that reason it would not be for the best welfare of the child to continue its place of abode thereat; whereupon she prayed that the original decree be modified in that the custody of the child to her be awarded.

Plaintiff, by response, admitting the natural facts, denied in substance that it would be for the best welfare of the child to award its custody to the defendant, because of the fact that she had deserted plaintiff and her child to pursue a musical career, which now requires defendant's time from six o'clock in the evening to 11 o'clock at night; and further responded that because of defendant's religious faith as a Christian Scientist, the child would lack proper medical treatment in case of illness; that since their separation he has cared for the physical, mental, and moral welfare of the child, and that he was able to continue this care and provide a good Christian home presided over by his sister, who is devoted to the child; and thereupon prayed award of custody to him.

Upon conclusion of the hearing, the court made its findings of fact, in which it was found that both parents were able and prepared to give their child that attention expected of parents like situated, and that the court was unable to determine to which parent the custody of the child should be awarded as against the other. Thereupon the court determined as conclusions of law that the welfare of the child would be best subserved by awarding its custody to each parent one year alternatingly, with all expenses during the period of custodianship to be borne by each parent; that by reason of the residence of the mother being beyond the limits of Oklahoma, she would be required to execute a bond in the sum of $1,000, conditioned that she should abide the decree of the court in thus awarding the custody of the child and return it upon the expiration of her alternating custodianship to the father in Oklahoma; and that if during the custodianship on the part of the father he should remove beyond the limits of the state, he likewise would be required to execute a similar bond to abide the judgment of the court; that during custodianship on the part of each parent, the other parent shall have the right of visitation and companionship of the child in the immediate locality of the then custodian's residence; and that upon attaining the age of 14 years, the child, if it desired, may designate its preference of parents, whereupon the court would make a further

order respecting the further custody of the child. Upon the findings of fact and conclusions of law, the court rendered its judgment accordingly. To this judgment both parties excepted, and by stipulation appeals therefrom were perfected as in one appeal, and thus the cause is brought to this court for review.

In this court plaintiff challenges the judgment under four propositions, to wit:

"First. Failure to provide proper medical treatment for minor child, who is ill, is good and sufficient ground for refusing to place minor in custody of said parent who failed to provide such medical treatment.

"Second. After divorce, parent not in fault has prior right to custody of minor child ten years of age when other conditions are equal.

"Third. Error of the court in allowing the child to be removed from its jurisdiction.

"Fourth. Refusal of the court to allow Bobby Brown Mattox, the minor whose custody was in controversy, to testify."

Defendant's challenge of the judgment is based on two grounds, namely:

"First. Error of the trial court in refusing to give the custody of the child, Bobby Brown Mattox, to the defendant in error for all the time, with a reasonable opportunity of visitation on the part of the father.

"Second. Error of the trial court in overruling the motion for a new trial filed by defendant in error."

In support of their respective contentions, the parties call attention to certain evidence that, taken alone, apparently sustains them where they involve questions of fact; and where the alleged errors of the court arise upon questions of law, though these as naked legal propositions may appear to be possessed of reversible character as contended, yet it does not necessarily follow that they should here be accorded that force, for it is well settled under the law in this state that in awarding the custody of a minor child the welfare of the child is the pole star by which the court, in the exercise of its broad discretionary powers, must be guided. Sections 6584 and 8042, C. O. S. 1921; Morris v. Morris, 81 Okla. 222, 198 Pac. 70. Whatever may be the rights, therefore, of the parties litigant in respect to the cause as naked legal propositions, which rights may even be substantially prejudiced in the premise of their complaint, in their final analyses, they must be relegated to the background and subordinated to what is considered to be for the best interest of the child, the innocent cause of the controversy between them, "in respect to its temporal and its mental and moral welfare." This being the law of the case, the contentions of both parties necessarily are resolved into the inquiry of whether, under the entire record, it can be said that the broad discretionary powers of the court have been abused to the manifest prejudice of the best welfare of the child. Thereunder, the propositions urged by both sides may properly be grouped and considered under three divisions, namely: (a) Sufficiency of the evidence to sustain the judgment; (b) refusal of the court to permit the child to testify; and (c) permission of the court that the child be taken temporarily beyond the limits of the state pending attainment of the age of 14 years, when it may exercise its preference of its parents.

Under the first division, it is sufficient to advert to the rule that:

"In chancery cases the court hears the oral testimony of the witnesses, and, like the jury, considers the witnesses, observes their intelligence and capacity, their fairness or bias, their manner or characteristics, and has the opportunity for judging the value of their testimony; and, therefore, the findings of fact are the same as the verdict of a jury, and will not be disturbed on appeal, unless manifestly against the weight of the evidence." Moorman v. Pettit, 119 Okla. 22, 248 Pac. 838; Griffith v. Scott, 128 Okla. 125, 261 Pac. 371.

Thus guided in our examination of the proofs offered by the parties in support of their respective contentions, we cannot say that the findings and judgment of the court are against the clear weight of the evidence, hence the contentions of neither party arising upon questions of fact can be sustained.

Under the second division, the question is raised of whether or not the trial court abused its discretion in refusing to permit the child, who was then a few months less than 11 years of age, to testify in the case. The child was offered as a witness by plaintiff to testify in relation to the quality of treatment it had received at the hands of both parents while in their separate custody, and as to instructions it had received from its father as to seeing its mother while she was attending the trial of this cause. Proffert of what this evidence would have shown was not made in the record, for which reason defendant makes the point that the matter is not properly before us for consideration. As we view this phase of the case, the gist of plaintiff's complaint is that the court arbitrarily refused to hear the proffered evidence, and not as to the competency or relevancy thereof. It is of course the general rule that where a child is offered as a wit-

ness in a cause, the court has a wide discretion as to whether or not such a witness would be permitted to testify, this being exercised upon examination of the witness by the court as to the capacity of the child, its information, intelligence, and judgment in the matters pending for determination.

In the cause at bar the court made no examination of the capacity of the witness, and arbitrarily excluded the witness, which action, ordinarily, constitutes ground for reversal. 28 R. C. L. 465, par. 52. This, however, was not the ordinary case, for the question of the child's custody was the matter for determination, and its best welfare rested in the sound exercise of the court's own judgment, who was then adjudicating even more than the controversy between the parties litigant—indeed, the court was acting in the capacity of parens patriae for the child. Finley v. Finley, 240 N. Y. 429, 148 N. E. 624, 40 A. L. R. 937. Even if the offer had gone to the extent of an expression of preference between the parents, that could not have been permitted in the circumstances of this case to control the judgment of the court in determining the paramount question, that of the child's best welfare, for that, in such cases, even controls choice by the subject of the litigation. 20 R. C. L. 602, paragraph 15, and cases cited under note 19. Moreover, if the competency of the witness be assumed, and that the child would have testified favorably to the plaintiff upon the phases in which its testimony was sought, it would only have been cumulative to what was testified to by mature witnesses. The arbitrary refusal of the trial court to permit the child to testify in the circumstances of this case, therefore, was, at most, harmless error. Loyal Union Circle v. Rose, 117 Okla. 25, 245 Pac. 624.

In respect to the third division, it is urged by plaintiff that the court erred in permitting the child to be taken by its mother upon the time of her custody thereof beyond the limits of the state. It is contended that this was not for the best welfare of the child, since defendant made no such showing, and in support of his argument plaintiff cites Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786, and kindred cases from other jurisdictions, which

are to the effect that a ward should be retained within the power of the court, unless it appears that the interests of the child would be best subserved by the removal. We do not see that the judgment in this respect is vulnerable to the attack made thereon, as it meets the principal premise of the cases relied on under the findings of the court; and, as to the jurisdictional phase, it is not controlled by the rule there laid down, as it is expressly provided in the judgment that the mother shall give bond for the faithful observance of the judgment and return of the child upon the termination of her alternating custodianship, which provision would also be effective as against the plaintiff in the event that he, during his alternating custodianship of the child, should remove beyond the limits of the state. This phase of the case is controlled by the principle as expressed in Stetson v. Stetson, 80 Me. 483, 15 Atl. 60, where it is said:

"Even though such child be removed beyond the limits of the state, the subject-matter remains within the valid jurisdiction of this court, so that the judgment of the court would be valid and binding upon the parent to whom the custody has been decreed, and would be enforceable in another state."

Upon the whole case, therefore, we are of the opinion that the trial court in the exercise of its discretion committed no abuse thereof to the manifest prejudice of the best welfare of the child in dividing the time of its custody between its parents pending its attainment of the age of 14 years, when it may then express its preference of parents, whereupon the further order of the court would be made respecting the child's further custody.

Accordingly, the judgment of the district court is affirmed.

BENNETT, REID, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 412; 4 R. C. L. Supp. p. 96; 5 R. C. L. Supp. 81; 6 R. C. L. Supp. p. 73. (2) 2 R. C. L. Supp. p. 255; 1 R. C. L. Supp. p. 478; 4 C. J. p. 1012, §2995. (3) 19 C. J. p. 348, §805; p. 350, §809. (4) 19 C. J. p. 192, §477.