## TINKER v. TINKER.

No. 20112.   Opinion Filed July 1, 1930.

T. J. Leahy, J. H. Maxey, and C. S. MacDonald, for plaintiff in error.

Whit Y. Mauzy and J. B. Coppedge, for defendant in error.

HEFNER, J. This action was commenced in the district court of Tulsa county by Helen W. Tinker, defendant in error, as plaintiff, against Sylvester J. Tinker, plaintiff in error, as defendant, for divorce, on the grounds of extreme cruelty and for permanent alimony and for custody of a minor child of the parties. The trial court granted the plaintiff a divorce, awarded her the custody of the minor child and certain property as alimony, and the further sum of $21,000, payable $100 per month, for the support of the minor child, and $25,000 was awarded to the plaintiff as permanent alimony, to be paid at the rate of $100 per month.

On account of a changed condition the plaintiff and the defendant entered into a written stipulation whereby it was agreed the terms of the original decree should be modified in certain particulars. In a hearing the trial court entered a supplemental decree in accordance with the stipulation of the parties. By the supplemental decree certain changes were made as to the alimony and support of the child, and the custody of the child was given to the mother with the right of defendant to visit the child at the home of plaintiff at least once every two months.

A few months after the supplemental decree was entered the defendant filed a motion to modify the supplemental decree as to the custody of the child. The motion alleged that the plaintiff had moved the child from the jurisdiction of the court and had taken it to the city of Kansas City and delivered it to the plaintiff's father and mother and that they had its care and custody. It was further alleged that the plaintiff failed to comply with the order of the court regarding the right of defendant to visit the child and on two different occasions had refused the defendant the right to see it. The motion further alleged that the defendant had since married, lived in his home in Osage county, and that he was able financially to care for the child, and prayed that the supplemental decree be modified and that the plaintiff be awarded the custody of the child during part of each month of the year and that defendant be awarded its custody for the remaining part of each month of the year, as the court might deem for the child's best interest.

Upon the filing of the motion the court assigned the same for hearing and directed the plaintiff to have the child within the jurisdiction of the court on the date of the hearing. Thereafter the plaintiff filed a special appearance and asked the court to vacate its order setting the motion for hearing, for the reason that the plaintiff and the child were residents of the state of Missouri and that the district court of Tulsa county was without jurisdiction to make the order. On a hearing of the motion the court sustained the same for the reason that the plaintiff and the child were at the time residents of the state of Missouri and that by reason thereof it had no jurisdiction to modify the supplemental decree, and refused to hear the defendant's application. It is from this decree that the defendant has appealed, and in his assignments of error he alleges that the trial court erred in refusing to hear the motion of defendant to modify the decree.

The question here involved is whether or not, after a party seeks the jurisdiction of the court of this state by filing a petition for divorce, alimony, and custody of a minor child and after judgment in her favor, she can, by removing to another state and taking the child with her, defeat the continuing jurisdiction of the court to modify the decree in so far as it applies to the custody of the child and at the same time rely on the jurisdiction of the court to enforce the portion of the decree in her favor.

Jurisdiction to modify a divorce decree from time to time is a continuing one, when minor children are involved. Section 507, C. O. S. 1921, is as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

In the case of Sango v. Sango, 121 Okla. 283, 249 Pac. 925, this court said:

"Under the provisions of section 507, Compiled Statutes, 1921, the court retains the right at any time, upon its own motion, or the suggestion of anyone interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and education of their minor children, and such orders may be from time to time changed."

It is conceded that under our statutes and the decisions construing the same the court has a continuing jurisdiction to provide for the custody, support, and education of the minor children, and orders and decrees relating thereto may be from time to time changed. It is contended, however, that, inasmuch as the plaintiff and the minor child were beyond the confines of the state of Oklahoma at the time the defendant sought a modification of the order with regard to the custody of the child, the district court was powerless to enforce any order it might make, and was for that reason without jurisdiction to hear and determine the motion for modification.

By the supplemental decree it is the duty of the defendant to pay certain sums of money on certain dates for the maintenance of the child. The plaintiff relies on the jurisdiction of the trial court to enforce its decree in this respect, and the trial court undoubtedly has jurisdiction to enforce it. Conditions might change in such a manner that it would be entirely impossible for the defendant to comply with the order of the court in reference to making the payments provided for in the decree. On the other hand, conditions might change in such a way that it would be proper and right that the custody of the child should be awarded to the defendant. If the trial court should enter a decree awarding the custody of the child to the defendant for all or a portion of the time, if the plaintiff should return to this state with the child, the decree undoubtedly could be enforced. If the child was not returned to this state, and the defendant wished to enforce the order of the trial court, it would be necessary for him to bring a proceeding in the courts of the state where the child was domiciled, based on the supplemental order of the district court of Tulsa county. It would then become a question for the courts of the foreign jurisdiction to determine whether or not the judgment would be enforced. This question is not now before us. It is a question as to whether or not the district court of Tulsa county has a continuing jurisdiction to hear and determine a motion to modify its decree in reference to the custody of the child when the plaintiff is insisting on the enforcement of the portion of the judgment in her favor.

If she can sustain her position when she denies the jurisdiction of the court to enter an order against her, but insists upon invoking its jurisdiction to enforce the portion of the same order that was in her favor, the effect would be that the court would permit her to impose upon its jurisdiction and make a mockery thereof.

The defendant filed his motion asking the court to exercise its jurisdiction to determine whether or not under the present circumstances the custody of the child should be awarded to him for a portion of the time. The plaintiff replied by saying the court had no jurisdiction to hear him, but she insists that the court should fully enforce all that part of the same decree which was in her favor. We do not think the plaintiff can be heard to say that the court has jurisdiction to enforce that part of the judgment in her favor and that it has no jurisdiction to change or modify that portion of the judgment against her. If it has jurisdiction in the one case, it has it in the other.

When she submits herself to the jurisdiction of the district court of Tulsa county and asks that the judgment in her favor be enforced, the court certainly has jurisdiction, if conditions have changed, to hear and determine the question as to what is for the best interest of the minor child. If after a full hearing it should be determined by the court that the defendant should have custody of the child for a portion of the time and an order entered to that effect and she refused to obey it, she then would be in contempt of court. If such conditions should arise, the court would not be likely to enforce the portion of the judgment in her favor until she purged herself of the contempt.

If the plaintiff was properly before the district court of Tulsa county, it had jurisdiction to hear and determine the question raised by the motion of the defendant to modify the decree. The judgment of the trial court is reversed, with directions to take such further proceedings as to it seems just and not inconsistent with the views herein expressed.

LESTER, V. C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.