## MUTUAL LIFE & ACCIDENT ASS'N v. MOORE.

No 20486. Opinion Filed March 21, 1933.

Mounts & Chamberlin, for plaintiff in error.

Massingale, Duff & Bailey, for defendant in error.

WELCH, J. This is an action to recover upon a life insurance policy issued by the Mutual Life & Accident Association of Frederick, Okla., a corporation, to James Arthur Moore, deceased husband of the defendant in error herein. The correctness of the judgment as to amount is not questioned.

The insurer's defense was that the policy was issued upon the assurance and warranty of the truth of statements made by the insured in an application for the policy: the only part material herein was the answer given by the insured in his application to a question to the effect that he had never had certain diseases, including cancer; that the insured was, in fact, suffering with cancer at the time the application was made, which fact was known to the applicant and unknown to the insurer, and, therefore, the policy of insurance had been procured by fraud.

The other material facts are admitted by the parties. The trial resulted in an instructed verdict in favor of defendant in error herein, who was plaintiff below.

In this appeal plaintiff in error urges as

error of the trial court the following:

"1. The trial court erred in refusing to permit defendant to cross-examine plaintiff.

"2. The trial court erred in excluding testimony offered by defendant.

"3. The trial court erred in directing the jury to return a verdict for plaintiff and not letting the jury pass upon evidence as introduced."

The defense of the insurer was an affirmative one. The gist of the defense is that the insured practiced fraud upon the insurer in obtaining the policy of insurance. In Sovereign Camp W. O. W. v. Brown, 94 Okla. 277, 221 P. 1017, this court held: "Fraud is a fact to be proved, as any other fact, by competent evidence. * * *"

We will consider plaintiff in error's first proposition herein only to say that the testimony sought from plaintiff by cross-examination was subsequently obtained from plaintiff on direct examination when she was called by insurer as its witness, and an examination of the entire record fails to reveal any prejudicial error of the trial court in this regard.

The facts on this point as disclosed by the record are that plaintiff testified in chief with reference to matters supporting material allegations of her petition. The defendant in the trial court on cross-examination undertook to prove the allegations contained in its affirmative defense. The defendant subsequently introduced plaintiff as its own witness and questioned her at length with reference to the matters contained in its answer.

With reference to plaintiff in error's proposition 2, the record discloses that the trial court excluded the answers of a doctor as contained in a deposition, upon the grounds that the witness had not been properly qualified, and that the answers given were not responsive to the questions. In view of the position we take with particular reference to plaintiff in error's proposition 3, we deem it unnecessary to herein pass upon the correctness of the ruling of the trial court on these points further than to say that had the testimony been admitted it would not have changed the results of the trial, and, therefore, plaintiff in error's rights have not been prejudiced.

This court will not reverse a cause on the erroneous admission or rejection of evidence, unless, after an examination of the entire record, it appears to the court that the error complained of has probably resulted in the miscarriage of justice or constituted a substantial violation of a con-

stitutional or statutory right or duty. It is so held in numerous decisions of this court, among which are the First National Bank of Coalgate v. First National Bank of Ada, 130 Okla. 149, 265 P. 1051, and Loyal Union Circle v. Rose, 117 Okla. 25, 245 P. 624.

The entire evidence admitted by the court, together with the evidence offered by plaintiff in error and rejected by the court, considered together, if taken as true, and the inferences which may reasonably be drawn therefrom, in our view, are insufficient to support a judgment had one been rendered thereon for the insurer.

The application for the policy was made December 17, 1926. The insured's death occurred November 11, 1927, with cancer probably, or apparently, the cause. Plaintiff as defendant's witness testified that she did not know with certainty what caused her husband's death, but that she had reported to the insurer that he died of cancer; that at the time of his death he had a cancer on his face, and that it had been there about two years starting as a small sore place which gave them no concern, but that the insured had not been taking medical treatment for same at any time prior to June, 1927, except a little home treatment; that, in June, 1927, he first went to Savannah, Mo., to a cancer hospital for treatment and was suffering considerably from his face at that time; that they began to think it was cancer for the first time then; that prior to June, 1927, the insured had a sore on his face and they had applied a little home remedies, and talked about it, but did not think it would ever amount to anything, and never talked about what it was, and had never suspected that it might be cancer at any time prior to June, 1927; that it did not begin to bother him until in the spring, probably March of 1927.

The testimony of the doctor was to the effect that he was the medical director of the cancer hospital to which the insured went in June, 1927, at which time he first saw the insured. That the insured was first treated at the sanitarium on June 1, 1927, for cancer, and was treated again on August 10th and September 14th of the same year; that the insured gave a history of having had this trouble for two years before coming there, but that he did not state how long he had been treated. Nowhere in the record appears any affirmative proof that the insured had knowledge that he was afflicted with cancer at the time of the application for the policy, and we think that the facts and circumstances in this case are

too remote to form a basis for a conclusion that the insured was, in fact, conscious of the character of his ailment upon the date of the application.

The instant case involves practically the same material facts which are considered at length and determined in Sovereign Camp W. O. W. v. Brown, supra, and we think it controlling of the issues herein necessary to be determined. The judgment of the trial court is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.