FREEMAN v. FREEMAN.

No. 30401. Nov. 4, 1941.

Rehearing Denied Dec. 23, 1941.

Application for Leave to File Second Petition for Rehearing Denied Jan. 13, 1942.

*120 P. 2d 627.*

Don Welch, of Madill, and J. B. Champion and W. W. Potter, both of Ardmore, for plaintiff in error.

E. W. Schenk, of Ardmore, for defendant in error.

HURST, J. The sole question presented is whether the trial court erred in refusing to modify an order giving the plaintiff, Louisa Freeman, the custody of the eight-year-old son of the parties, who had theretofore been divorced. The trial court denied the motion to vacate, and defendant appeals.

By the decree of divorce, dated August 12, 1935, the defendant was given the custody of the child. Thereafter several orders were entered in the cause, giving temporary custody of the child to first one parent and then to the other. Both parties remarried after the divorce. The order which defendant seeks to vacate was made on February 14, 1941, and gave the plaintiff the custody of the child for one year, beginning June 1, 1941, and directed her to produce the child in court on June 3, 1942. When this order was made the child was in the custody of defendant and was attending school, and the order directed that defendant retain the child until the expiration of the school term. On May 21, 1941, defendant filed a motion to modify and in effect vacate the order, alleging that plaintiff intended to take

the child to California and keep him there, and that she was not able financially to give him the care and advantages to which he was entitled. The trial court heard evidence, and overruled the motion to modify on condition that plaintiff give a bond in the sum of $1,000 for the production of the child in court on or before June 3, 1942, which bond was given.

Defendant's only contention is that under the evidence the action of the trial court in permitting the removal of the child to California is an abuse of discretion. He argues that the evidence discloses an intent on the part of plaintiff to keep the child in California permanently, and that neither her oral promises to produce the child as required by the order, nor the bond required by the court, will protect him in his right to the custody of the child in the future, as the child will be beyond the jurisdiction of the Oklahoma courts.

We have carefully read the evidence, and while statements made by plaintiff are testified to which lend support to defendant's contention, such statements, if made, were made at times prior to the making of the order of February 14th, and on occasions when the parties were quarreling. Plaintiff denied making such statements. A note written by plaintiff after the entry of the order of February 14th, the exact date not being shown, is also relied upon as showing plaintiff's intention not to return the child as required by the order, but this letter was evidently written while plaintiff was greatly excited and disappointed by the removal of the child to another city to prevent her from seeing him before her return to California. The note shows plainly that the writer's emotions were greatly aroused, and the portion relied upon is to some extent incoherent. At the hearing on the motion to vacate the order, which was held on May 31, 1941, the trial court heard all this evidence, as well as that of plaintiff and her second husband, and evidently concluded that plaintiff would comply with the order, although it required her

to give the bond as an additional precaution. The evidence showed that plaintiff was in position to care for the child and to supply his needs, and that her home was in all respects a fit and proper place for his upbringing.

In determining, as between parents, the question of who shall be awarded the custody of a minor child, the welfare of the child is of paramount consideration, the great determinative factor. Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056; Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Mattox v. Mattox, 129 Okla. 301, 264 P. 898. The decree, so far as it affects the custody of such child, is always subject to modification by the trial court. Section 671, O. S. 1931, 12 O.S.A. § 1277; Jones v. Jones, 177 Okla. 181, 58 P. 2d 330. And the jurisdiction of the trial court to so modify the decree may not be defeated by the removal of the child to a foreign jurisdiction. Tinker v: Tinker, 144 Okla. 97, 290 P. 185.

From the record we are unable to say that the removal of the child to the home of the mother in California would be detrimental to the welfare or best interests of the child. In fact, the defendant's chief attack on the order is directed to the expense and inconvenience to which he would be put if plaintiff refuses to return the child and he is forced to resort to legal methods to obtain the child if the trial court should subsequently award custody of the child to him. The trial court did not permit this possibility to interfere with what it thought was to the best interests of the child, which it evidently concluded would be best served by putting the child, for a time, under the mother's care. It had the parties before it, and had observed them on previous occasions. The records show that the custody of the child, and the provision to be made for his care and maintenance, have been bitterly contested by the parties ever since the divorce was granted. The court followed a procedure approved by this court in Mattox v. Mattox, above, in requiring a bond as a condition precedent to the re-

76

moval of the child to another state. We do not consider its action an abuse of discretion.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, DAVISON, and ARNOLD, JJ., concur. OSBORN and GIBSON, JJ., dissent.