KENWORTHY v. KENWORTHY.

No. 32132. Nov. 19, 1946.

*174 P. 2d 587.*

Stanley B. Catlett, of Oklahoma City, for plaintiff in error.

Priest & Belisle, of Oklahoma City, for defendant in error.

BAYLESS, J. Kenneth Kenworthy appeals from the order of the district court of Oklahoma county, modifying a prior order of that court respecting the custody of a minor child of Kenneth and Anne Kenworthy, his divorced wife. The divorce decree in favor of the wife gave the custody to the mother and father in turn for six months. At the conclusion of the father's six months term the mother wished to turn the child to her mother, who is a resident of Denver, Colo., to be kept during the ensuing six months. This could not be done because of the objections of the father, and he thereupon filed a motion to modify the decree, insofar as it provided for the custody of the child, to give him exclusive custody of the child. He procured a restraining order forbidding the removal of the child from Oklahoma pending the further order of the court. The mother filed a response to the motion to modify seeking to have her mother given the exclusive custody of the child. The maternal grandmother filed her written consent to receiving the exclusive custody of the child under the order of the court. On these issues the matter was heard.

The evidence conclusively showed, and the trial court was amply justified in finding, that the father and mother of this child were unfit and improper persons to have the care and custody of the child. There is no occasion to recite that evidence herein.

The trial court found from ample evidence that the respective grandparents of this child were fit persons to have the custody of the child, and ordered that the maternal grandmother (her husband at the time of the trial, who has since died, being the stepfather of Anne Kenworthy) have the custody of the child nine months of the year, with the privilege of taking the child to her home in Denver, Colo., and that the paternal grandparents have its

custody during June, July, and August of each year. There are other details relating to support money and suit money and transportation costs that are not contested separately from the attack made on the custodial part of the order, and we do not recite them or comment on them.

The father contends: (1) The court erred in awarding part time custody to the maternal grandmother, and (2) erred in providing that she might take the child from Oklahoma without giving bond for the return of the child as ordered by the court or as may hereafter be ordered by the court. The mother does not directly contest the division of custody between her mother and the paternal grandparents, although she does call attention to their ages and contrasts such advanced ages with that of her mother. She further asserts that there is no statutory provision for the giving of a bond for the return of a child to Oklahoma where it has been permitted by order of court to be taken to another state, and contends that our decisions leave the requiring of a bond in such instances to the discretion of the court. She urges that the order appealed from not be disturbed, but says that if a bond should be required, $500 is a sufficient penal sum.

We are of the opinion the trial court did not err in the matter of awarding the custody of this child. Each of its parents desires to prevent the other from being with the child, each feeling that the other will be a bad influence. The mother has since remarried and lives in Florida (so we are informed in her brief), but she will undoubtedly have the opportunity to be in her mother's home and to see and be with her child. We are informed in the father's brief that he has purchased a home in Oklahoma City and his parents will make their home with him, and there he will have opportunity to be with his child. He urges that this obviates some of the objection · to his parents sharing the custody of the child because of their advanced ages and rural home. The

maternal grandmother says she has no desire to exclude from the child's memory or knowledge his father and feels that both the child's parents should visit it.

We know of no statute requiring a bond in such cases as these. Our decisions sanction the removal of a child from this jurisdiction on the giving of a bond to insure its return. Mattox v. Mattox, 129 Okla. 301, 264 P. 898; Klutts v. Blackbird, District Judge, decided Oct. 8, 1946, — Okla. —, 174 P. 2d 361. The language used in defining the court's power and discretion to require a bond was permissive and not mandatory. We are of the opinion that the better practice is to require bond in such cases. However, in this instance, the trial court's order made provision touching upon the expense incident upon the removal and return of the child to this state, and made other provisions in the order that serve in the place of a bond, and under such circumstances we doubt that the failure to require a bond in this case is an abuse of discretion.

All concerned recognize the rule this court long ago announced and has always applied that the primary factor in these matters is what is for the best interest of the child and to make orders for the accomplishment of that end. As indicated, we are satisfied with the order made. Also, as above indicated, each of the parties has called attention to things that have occurred since the trial, but we see no reason for this court undertaking to alter the order entered on the basis of such statements. The jurisdiction of the trial court of the child is continuing, and those interested are at liberty at any time to invoke the inquiry of the trial court as to the child's condition and needs. The trial court's power in this respect is not in any wise limited by prior orders regarding the welfare and custody of the child in the light of changed conditions or needs found to have arisen subsequent to the prior order.

The judgment appealed from is affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, WELCH, CORN, and DAVISON, JJ., concur.