Bertha B. BISHOP, Plaintiff in Error,

v.

Pat BISHOP, Defendant in Error.

No. 37641.

Supreme Court of Oklahoma.

Jan. 28, 1958.

**418**

P. D. Erwin, Chandler, for plaintiff in error.

Joe Young, Chandler, for defendant in error.

HALLEY, Justice.

In January, 1954, Bertha B. Bishop filed a divorce action in the District Court of Lincoln County against Pat Bishop, praying for a divorce, custody of their two minor children and child support. We shall refer to the parties as plaintiff and defendant as they appeared in the trial court.

July 10, 1954, the divorce was granted to the plaintiff, awarding to her the exclusive custody of their two children, ordering the defendant to pay her $100 temporary support, attorney's fee and costs, and ordering the defendant to pay $50 per month for the care and support of the two children during their minority, beginning September 11, 1954.

Mrs. Bishop took her two children to California and established her domicile there. On August 9, 1956, she filed an application to have her former husband cited for contempt, alleging that under the divorce decree of 1954, he had paid only $550 for child support, despite his ability to pay.

She further alleged that in August, 1955, the father had obtained temporary custody of Suzanne Bishop, age seven, after she, the plaintiff, had agreed to allow their daughter to spend the summer with her father upon the father's promise to return the child to her for the next school term in California. The defendant had failed to keep this promise, but secured an order giving him temporary custody of Suzanne without the knowledge or consent of the plaintiff. She prayed that he be cited for contempt for failure to pay the child support provided in the original divorce decree and requiring defendant to return the custody of their daughter to her.

On the day plaintiff filed the above motion, the defendant filed a motion to modify the original divorce decree as to custody of the two children, and on November 5, 1955, obtained an order giving him temporary custody of Suzanne.

Upon learning of this order the plaintiff amended her application to have defendant cited for contempt in failing to pay support money. She alleged that she had no notice of defendant's motion to modify the divorce decree and give him custody of Suzanne, and prayed that such order be vacated, and that she be awarded immediate custody of Suzanne or that her custody be awarded to the mother of plaintiff, Mrs. Sue Danker. Defendant prayed for the custody of both children.

On September 22, 1956, the court granted the custody of both children to Pat Bishop, who was also ordered to pay attorney's fee and cost of deposition.

This is an appeal on the original record. Both parties quote extensively from the testimony given and since neither party denies the correctness of the quoted testimony, we assume that it is correct. The plaintiff testified by deposition.

The plaintiff first contends that the trial court had no jurisdiction to make any order changing the custody of minor children permanently domiciled in another state. The minor son, Gary, age two, was residing in the State of California with his mother on September 22, 1956, when the District Court of Lincoln County entered an order giving the defendant, Pat Bishop, custody of both Suzanne and Gary, and ordering plaintiff to surrender the custody of Gary to his father.

Did the District Court of Lincoln County, Oklahoma, have authority to modify the divorce decree as to custody after the plaintiff had lawfully taken the children to California, and one was returned to Oklahoma on the fraudulent intent of the defendant

to obtain custody and the other was permanently residing with the plaintiff in California? A correct answer to this question is the principal issue before us.

We have examined the cases cited by the plaintiff in support of her contention that the Oklahoma Court had no jurisdiction to make the order appealed from. Several of these cases are from other states. We find that the facts in some of the cases cited are materially different from those in the case before us. Then, Forkner v. Forkner, 96 Cal.App.2d 363, 215 P.2d 482, is erroneously cited as an Oklahoma case, when it is a decision by the District Court of Appeals, Fourth District of California. It clearly supports plaintiff's contention, but is not binding upon this Court.

The early case of Tinker v. Tinker, 144 Okl. 97, 290 P. 185, is mentioned with the suggestion that this Court probably does not approve that decision. The facts in the Tinker case are very similar to the facts before us. Mrs. Tinker obtained a divorce, custody of their one child, alimony and a sum for child support. The trial court approved a written stipulation of the parties which modified the original decree by which the custody of the child remained with the mother, with defendant's right of visitation at her home once every two months. Defendant moved that the supplemental decree be vacated and alleged that the mother had taken the child to Kansas City and delivered it to her parents, who had its custody. The court ordered the mother to have the child within its jurisdiction at the hearing, and she moved that the court vacate its order setting for hearing defendant's motion on the ground that she and the child were residents of the State of Missouri and the District Court of Tulsa County was without jurisdiction. The trial court sustained her motion and defendant appealed to this Court which reversed the trial court and held that the mother could not defeat the continuing jurisdiction of the Oklahoma court to modify its decree as to custody of the child by removing the child to another state.

Plaintiff states that the Tinker decision has not been cited in later decisions. We find it cited in Freeman v. Freeman, 190 Okl. 74, 120 P.2d 627; Childers v. Childers, 202 Okl. 409, 214 P.2d 722, and other cases.

In Sango v. Sango, 121 Okl. 283, 249 P. 925, 926, this Court said:

"Under the provisions of section 507, Compiled Oklahoma Statutes 1921 [12 O.S.1951 § 1277], the court retains the right at any time, upon its own motion or the suggestion of any one interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and education of their minor children, and such orders may be from time to time changed."

■ It is not disputed that orders as to custody of children may be modified at any time when there is shown to be a change of conditions, and that the court has a continuing jurisdiction over minors and should make such orders as appear to be for their best interests. The rule is announced in the Tinker case in the second paragraph of the syllabus as follows:

"Where the wife has brought a suit for divorce, alimony, and for custody of the minor child and for funds for the education and support of the child, and judgment is awarded in her favor in all particulars, she cannot by removing to another state and taking the child with her defeat the continuing jurisdiction of the court to modify its decree in so far as it applies to the custody of the child."

■■ We conclude that where a change of condition has been shown the trial court had jurisdiction to make an order as to custody of the two year old Gary Bishop, then in California with his mother. She was, at the time the order was made, petitioning the court to hold the defendant in contempt for his failure to comply with the original divorce decree. By her own

acts she had committed herself to the jurisdiction of the Oklahoma court.

Plaintiff contends that since the defendant was in contempt of court, he was not entitled to defend or obtain any relief. They rely upon Bennett v. Bennett, 15 Okl. 286, 81 P. 632, 70 L.R.A. 864. It is admitted that defendant was in default in child support payments of between $400 and $500 at the time of filing his application for custody, and had failed to pay the costs and two attorney's fees ordered to be paid.

The defendant calls our attention to Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, wherein the Supreme Court of the United States held that to deny one the right to defend when cited for contempt of court for failure to pay alimony or support money in a divorce action constitutes a denial of the due process provision in the United States Constitution.

In Hutchinson v. Hutchinson, 126 Or. 519, 270 P. 484, 62 A.L.R. 660, the Supreme Court of Oregon held that in a divorce case the court has no power, because defendant has failed to pay suit money or alimony required of him, to refuse him the right to defend because such a rule would deprive him of his right to due process as granted by the 14th Amendment of the Federal Constitution, which is binding upon the courts of all states.

It is urged by the plaintiff that the court erred in awarding the custody of the children to the defendant, so long as the mother cares for them properly and has not been adjudged grossly unfit to rear them. This is an equity case and the rule is well established that in such a case on appeal, this Court will not reverse the judgment of the trial court unless found to be against the clear weight of the evidence.

This rule is based upon the fact that the trial court hears the evidence and has an opportunity to observe the demeanor of the witnesses on the witness stand and is in a better position to determine the credibility of witnesses than is the appellate court which has before it only the written record of the testimony.

It is pointed out that the custody of a child of tender years, other things being equal, should be given to the mother. Lewis v. Sisney, 205 Okl. 599, 239 P.2d 787.

Again in Currin v. Chadwick, 206 Okl. 148, 241 P.2d 947, 948, it is said:

"The unfitness which will deprive a mother of the right to the custody of her minor child must be a positive and not merely a comparative unfitness; and the mere fact that her child might be better cared for by a third person is not sufficient to deprive the mother of her right to its custody.

"It is not sufficient to establish the unfitness of a parent for the custody and control of her minor child to show that she has some faults of character, or bad habits; it must be shown that her condition in life, or her character and habits are such that provision for the child's ordinary comfort and contentment, or for its intellectual and moral development, cannot be reasonably expected at the parents' hands."

Plaintiff here prayed that she have the custody of Gary and Suzanne. Assuming the correctness of the testimony quoted in the briefs, it appears that both the father and mother had been guilty of bad conduct, the defendant prior to the divorce, and the plaintiff after her removal with the children to California. We think the action of defendant in inducing plaintiff to allow Suzanne to visit him in Oklahoma upon his promise to take care of the daughter and pay all expenses incurred in returning her to the plaintiff ready for school, and then securing an order for temporary custody without actual notice to the plaintiff was highly improper. However, we do not feel that with the record before us, we are as capable of weighing the evidence as was the trial court and we cannot say that the trial court's decision is against the clear weight of the evidence.

We find, under the facts and circumstances as here, no merit in plaintiff's

proposition that a judgment for the custody of children cannot be modified after the term without notice. The jurisdiction of the court as to the custody of children is a continuing one and may be modified by the court on its own motion where the welfare of the minor is in danger. Either party may seek a change or modification of such an order at any time after conditions have changed, and during minority of the child.

Allen v. Allen, 201 Okl. 442, 209 P.2d 172, 14 A.L.R.2d 216, cited by plaintiff did not involve custody, but delinquent alimony payments.

In the matter before us the order granting custody of both children to the defendant was made after plaintiff knew that defendant was seeking a change of custody. When defendant secured temporary custody of Suzanne, the plaintiff had no proper notice, but she did have notice of his application for the custody of both children and appeared by counsel.

For the reasons stated the judgment is affirmed.