Guy E. FLETCHER, Plaintiff in Error,

v.

Mary Jo FLETCHER, now Mary Jo Kahanek, Defendant in Error.

No. 39097.

Supreme Court of Oklahoma.

May 31, 1961.

Walter Hubbell, Hugh F. Fitzsimons, Walters, for plaintiff in error.

Ivy, Ivy & Ivy, Waurika, for defendant in error.

DAVISON, Justice.

This is an appeal from an order of the District Court of Cotton County, Oklahoma, finding and adjudging that it did not have jurisdiction to hear and determine petition to modify a prior divorce decree as to custody of children and child support payments.

The record reflects that on September 1, 1955, Mary Jo Fletcher (plaintiff) secured a divorce from Guy E. Fletcher (defendant) and custody of their two children, ages 2 and 5 years, with monthly child support payments and with right to defendant of visitation. A property division contract was approved by the court. On November 2, 1959, the defendant filed his petition in the cause to modify the divorce decree. Therein defendant alleged his payment of child support and the remarriage of plaintiff to a Mr. Kahanek, a member of the armed forces of the United States; that in May, 1959, plaintiff and her husband and the two children had moved to Bermuda without defendant's knowledge or consent. Defendant further alleged that by reason of such removal and his own remarriage and his modest financial means, he had been deprived of his right of visitation. Defendant prayed that the divorce decree be modified to give him custody of the two children during the vacation months of June, July and August of each year and that he be relieved of payment of the child support during such months. Notice of the filing of said petition to modify was given to plaintiff by publication and mailing.

Plaintiff filed a special appearance and denied the court had any jurisdiction to decree a change in the custody of the children for the reason the plaintiff and children were residing in Bermuda and absent from the jurisdiction of the court. The lower court sustained the plea of plaintiff and held it did not have jurisdiction to hear and determine defendant's petition and modify the divorce decree as prayed. The court thereupon dismissed the petition. Defendant has appealed to this court.

Defendant· urges the lower court did not lose jurisdiction to modify the divorce

decree as to child custody and child support by reason of removal of plaintiff and children from the State. Plaintiff contends contra to said proposition and further that no change of conditions is pleaded in defendant's petition to modify.

Title 12 O.S.Supp.1955, Sec. 1277, provides:

"A petition or a cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, *whenever circumstances render such change proper either before or after final judgment in the action.*" (Emphasis ours.)

■ In applying said statute this court has held that a party to whom the custody of the children has been awarded cannot by removing to another state and taking the children with her defeat the continuing jurisdiction of the court to modify its decree insofar as it applies to the custody of the children. Bishop v. Bishop, Okl., 321 P.2d 416. See also Tinker v. Tinker, 144 Okl. 97, 290 P. 185; Freeman v. Freeman, 190 Okl. 74, 120 P.2d 627; and Kenworthy v. Kenworthy, 197 Okl. 679, 174 P.2d 587.

■ The fact that plaintiff and the children are in Bermuda and consequently out of the continental limits of the United States does not change or affect the validity or application of the above rule of law. Plaintiff, wherever she may be with the children, is entitled to the custody and child support money by reason of the provisions of the divorce decree. She cannot rely upon these provisions which were entered pursuant to the above statute and at the same time deny the express grant to the court of continuing jurisdiction to modify such provisions.

■ Likewise the matter of child support is in the continuing jurisdiction of the trial court and may be changed as circumstances warrant. Billings v. Billings, 208 Okl. 409, 256 P.2d 165, and Sullins v. Sullins, Okl., 280 P.2d 1009.

■ Here the petition to modify the divorce decree was filed in the original action and the court had continuing jurisdiction. Notice to the adverse party was sufficient to enable the court to hear and determine the subject matter of said petition. Stoner v. Weiss, 96 Okl. 285, 222 P. 547, and Thompson v. Thompson, Okl., 347 P. 2d 799, 802.

■■ The record reflects a change of circumstances or conditions. The plaintiff has remarried and has moved with the children and her new husband from the State of Oklahoma and from the continental limits of the United States to Bermuda. For all practical purposes the defendant has been deprived of his right of visitation as provided in the divorce decree. This is not to say that such change of circumstances require the trial court to modify the divorce decree as to custody or child support. The changes and related circumstances are matters for the trial court to consider in determining whether any modification is justified or required. No rigid formula exists by which to measure the nature of proof sufficient to justify a revision of the custody of the children. In arriving at any conclusion in the matter the trial court should consider whether such changed conditions affect the welfare of the children and what the children's best interests demand and giving due consideration to the rights of the parents. See Stanfield v. Stanfield, Okl., 350 P.2d 261; Ness v. Ness, Okl., 357 P.2d 973; and Morgan v. Morgan, Okl., 268 P.2d 855.

Reversed and remanded with instructions to proceed in accordance with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.