Beverly STRAHAN, Appellant
(Defendant below),

v.

Theodore P. STRAHAN, Appellee
(Plaintiff below).

No. 3314.

Supreme Court of Wyoming.

April 1, 1965.

Lawrence A. Yonkee, of Redle, Yonkee & Redle, Sheridan, for appellant.

E. E. Birchby, of Birchby & Birchby, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The appeal before us raises the question as to whether a district court has jurisdiction to modify a divorce decree following a hearing on an application to punish the husband for contempt, where no pleading containing a petition for modification of the decree has been filed on behalf of the husband.

A decree of divorce was granted to Beverly Strahan, defendant, on her cross-complaint against Theodore P. Strahan, plaintiff; and she was given custody of the four minor children of plaintiff and defendant, subject to the right of reasonable visitation by the father at all reasonable times and places. The husband, according to the decree, was to pay the wife $125 per month per child for the support of the children.

An order to show cause was served upon the husband more than 19 months after the decree, requiring him to appear and show cause why he should not be adjudged guilty of contempt of court and punished for failure to make all support payments required of him under the decree. He did appear at the appointed time and place, and a full hearing was had on the wife's contempt citation.

At this hearing the parties testified extensively relative to changes in circumstances after the divorce decree was entered and as to the children's need and the husband's ability to pay. The testimony disclosed that the wife had remarried and at the time of hearing on the contempt citation was living with her new husband and the children at New Buffalo, Michigan. This was something which had not been anticipated at the time of the decree, and a matter which affected the husband's rights of visitation with his children.

With respect to the husband, he also had remarried and there was testimony indicating he was not able to pay as much as he appeared to be able to pay at the time of the decree. The husband testified the mother of the children had threatened to hurt him through the children and to fix it so he would never be able to see them again.

Following the hearing on contempt, Strahan was adjudged guilty of contempt. However, whereas $4,200 was claimed as the amount of delinquent payments for child support, the court ordered that plaintiff-husband should purge himself of all contempt by paying the sum of $1,000. The court also proceeded in its order to modify the original decree.

It was ordered, for example, that as long as the mother lived outside the State of Wyoming, the father should have custody of the children for two months each summer, he being responsible for their transportation expenses in coming to him and the mother being responsible for their return transportation. Also, the modification stated that as long as the mother resides outside of the State of Wyoming, the husband should pay only the total sum of $250 per month for all of the children, the amount being proportionately reduced as each child becomes of legal age, self-supporting or married.

The defendant-wife, now Beverly Foldenauer, has appealed. Her contentions are primarily these: (1) The court did not have jurisdiction or power to modify the decree of divorce; and (2) the order relieved appellee from accrued child-support payments, and this was error.

### Jurisdiction

State courts have quite universally accepted the proposition, where custody of children is involved in a divorce action, that the court retains jurisdiction so the decree may be modified at any time respecting custody or the payment of support money, the paramount consideration being to serve the best interest and welfare of the children. This jurisdiction is generally referred to as a continuing jurisdiction. Application of Lorenz, 194 Or. 355, 241 P.2d 142, 147, rehearing denied Ex parte Lorenz, Or., 242 P.2d 200; Johnson v. Black, 137 Colo. 119, 322 P.2d 99, 103; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323, 327.

As expressed in In re Cutts, 229 Or. 33, 366 P.2d 179, 183, subject to requirements of due process of law and orderly procedure, custody provisions of divorce decrees remain open during minority of the children concerned. Some courts have indicated the continuing jurisdiction of the court is such that it may on its own motion modify the decree, if the welfare of the children require; or that those interested are at liberty at any time to invoke the inquiry of the trial court concerning the condition and the needs of the children. Bishop v. Bishop, Okl., 321 P.2d 416, 421; Kenworthy v. Kenworthy, 197 Okl. 679, 174 P.2d 587, 588–589.

The Supreme Court of Minnesota, in State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N.W.2d 13, 21, has specifically refused to hold that a court is powerless to amend its own final decree of divorce without first having an express application therefor. To do so, it said, would disregard the inherent equitable power of the court to control the custody of children and would subject their welfare to intolerable delay through a needless circuity of actions. The Minnesota court quoted this with approval, from one of its former decisions:

"*  *  *  *  Why send the parties who are already before the court out through one jurisdictional door when they may immediately, via a subsequent and different action, return for such relief through another door?" (All italics in original.)

Regardless of what we may say of the court's continuing jurisdiction to modify divorce decrees, the requirements of due process of law and orderly procedure are always present. Therefore, in disposing of the matter presently before us, we should look first to the applicable statute, § 20–61, W.S.1957, which provides:

"The court, in granting a divorce, *  *  *  may make such disposition of, and provision for, the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being

of such children; and the court may from time to time afterward on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of such children, as the circumstances of the parents and the benefit of the children shall require."

█ The effect of the foregoing statute, as it applies to the instant case, is that it authorizes the court, "on the petition of either of the parents," to revise and alter its decree. In procedural matters, however, we must give effect to Wyoming's Rules of Civil Procedure. The rules themselves declare that statutory provisions shall not apply whenever inconsistent with such rules. Rules 1, 81, and 87, W.R.C.P. And we have said the rules govern procedure but do not change substantive rights. State ex rel. Frederick v. District Court of Fifth Judicial District In and For County of Big Horn, Wyo., 399 P.2d 583.

Rule 15(b), W.R.C.P., states that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects "as if they had been raised in the pleadings." Chief Justice Parker, in the Frederick case, discussed the distinction between procedure and substance in connection with the relative application of statutory provisions and rules.

In the case at bar, the rules of procedure do not conflict with any statutory procedure. Rule 15(b) merely augments and supplements § 20–61, by stating that certain issues shall be treated "in all respects" as if they had been raised in the pleadings. In other words, the issue of modification may, under certain circumstances, be treated as if it had been requested or petitioned for by a parent.

The application of Rule 15(b) has become established in our judicial processes to the extent that we would be reluctant to ignore it—especially in a case where the inherent equitable powers of the court are present to the extent they are in matters affecting the welfare of children.

The record before us reveals that the trial judge in this instance considered the issue of modification as having been tried, at least by implied consent; he treated the issue as if it had been raised in the pleadings; and he let the parties know he would decide the matter on that basis. If either of the parties had additional evidence to be offered on the issue of modification, there was ample opportunity for it to be made known.

Neither side objected to the judge's indication that he was going to decide whether the decree should be modified. Appellant now suggests the lack of due process, but she points to no pertinent or specific evidence on the issue of modification which was not before the court. In fact, she names nothing definite in connection with the issue which in any way surprised her or kept her from being fully heard.

After all evidence had been received in the case, and before the decision of the court had been announced, this is what the judge said, in the presence of the parties and their attorneys:

"Well, I'll hear your motion after I've said what I've got to say. I don't know, I'm a little bit confused on this thing and I'm going to treat this matter—because all of this evidence that's been presented, which I think is most material—not only as a technical contempt matter but I believe that the Court, under the case of Starrett vs. Starrett [sic Stirrett v. Stirrett (35 Wyo. 206, 248 P. 1)], has an inherent right to modify or change the provisions of a decree with regard to custody of children where it interferes or is paramount to their welfare and well-being. Now, I'm going to approach this thing in that regard. I want to advise you beforehand because I can't see the necessity of turning around and spending a day and a half or more again going over the same thing in a bed of modification, so I assume that that will be the next step. And apparently there has been no written defense, as I indicated

at the last motion filed on behalf of the plaintiff, Mr. Strahan. But I'm going to treat it as such with the approach that in addition to considering the contempt I'm going to also consider the evidence as submitted here with regard to the welfare and well-being of these children. Do I make myself clear? Do you have any questions, gentlemen?"

After an attorney for the husband answered that he understood, the judge continued with this statement:

"Is there any question on it? I mean, this is not only contempt proceedings but apparently I have allowed both parties to go probably a little beyond the extent of just an out and out contempt proceedings, and I see nothing to be gained as far as the time of the Court or anyone else, the parties, in going through this all over again, so I'm going to consider it in that light before I make any decision."

■ There can be no doubt, we think, but that the trial court in this case treated the issue of modification "in all respects" as if it had been raised in the pleadings. His decision in that regard is not subject to review, except for abuse of discretion. 1A Barron and Holtzoff, Federal Practice and Procedure, § 449, pp. 793–794 (1960). We fail to find any abuse of discretion—especially where the inherent equitable powers of the court were present as they were in this case.

### Past-Due Payments

■ Appellant contends the court's order permitting appellee-husband to purge his contempt by paying $1,000 had the effect of exonerating him from paying accrued child-support payments, amounting to an additional $3,200. We think the modifying order cannot be construed as having such an effect. It neither allowed nor denied a money judgment to petitioner, the wife, for past-due support payments.

To say that the court has a continuing jurisdiction and a responsibility to revise

its provisions for the custody of children, according to their best interest and welfare,[1] is not to say the court retains the same kind of continuing jurisdiction with respect to the civil rights of the parents, as between each other.

In her petition for punishment of the husband, the wife did not ask for a money judgment for past-due support payments. She merely asked to have the father of the children punished. The court did adjudge him guilty of contempt. As far as the contempt was concerned, the judge permitted the contemnor to purge himself by paying $1,000. The order did not provide, however, that he would thereby be relieved from civil liability, if any, on account of past-due payments.

As we see it, the district court did not pass upon the question, either factually or legally, as to whether upon a proper suit therefor, the mother of the children would be entitled to a money judgment against the father for support payments not made up to the time of modification. We do not deem it necessary or proper for us to pass upon such a matter, factually or legally, because it is not here involved.

Also, we will not attempt to say what effect, if any, alleged violations of the original decree by the mother, such as a denial of visitation rights to the father, might have on a civil action for accrued payments up to the time of modification.

There being no lack of jurisdiction or abuse of discretion on the part of the district court in modifying its original decree, and it appearing that it did not attempt to pass upon whether the appellant-wife is entitled to a money judgment for delinquent payments up to the time of modification, we find the order appealed from should be affirmed.

Affirmed.

1. See Taylor v. Taylor, Wyo., 388 P.2d 192, 195.