Application of Virginia PRICE, for writ of habeas corpus.

No. 47238.

Supreme Court of Oklahoma.

Nov. 19, 1974.

Gene F. Mowery, Lloyd C. Burrow, Jr., Bentonville, Ark., by Gene F. Mowery,

Stilwell, for Virginia Maxine Price, petitioner-appellant.

Woodrow G. Pendergrass, H. E. Bradley Scheer, Jay, for Thomas Chester Price, respondent-appellee.

LAVENDER, Justice:

Although here on appeal from denial of Writ of Habeas Corpus, subject matter is custody of a five year old male child [1] as between his natural mother and father. Involved is the recognition of one of two basically opposite custody orders.[2] One order grants custody to the mother and is issued from the Chancery Court of Benton County, Arkansas. The other order grants custody to the father and is issued from the District Court of Delaware County, Oklahoma.

In December, 1971, Thomas Chester Price (father) sued for divorce Virginia Maxine Price (mother) in District Court of Delaware County, Oklahoma. Parties had one minor child, Thomas Orville Price. The resulting divorce decree of January 14, 1972, approved an agreement as to the custody of the child. In the case at bar, both parties agreed the effect of that custody agreement was for the father to have legal custody but the mother to have actual physical custody. The mother at that time was a resident of Arkansas. She evidently took physical custody of the child under the decree and the child lived with her in Arkansas.

On September 6, 1972, the father filed a motion in the Delaware County District Court to modify this custody arrangement. That motion was personally served on the mother in Arkansas. It was subsequently passed and not heard. A motion to reset the hearing on the motion to modify was filed September 26, 1973.[3] Notice of this resetting was given the mother by registered mail. The date of receipt is not clear, but it is uncontested the mother did receive at least ten days notice of the resetting for October 9, 1973. The mother made no appearance at that hearing. She was held to be in default. The court entered an order requiring the child returned to the father and in effect granted the father full custody and thereby modifying the divorce decree in that respect.

During this same period of time and on September 15, 1972, the mother filed a complaint in the Chancery Court of Benton County, Arkansas. This action sought a modification of the child's custody so as to be fully with the mother. The father was personally served in Arkansas. After various pleadings and amendments, this action was set and heard October 11, 1973, (two days after the Delaware County, Oklahoma, hearing). The order under that date and out of the Arkansas court gave the mother the full custody she sought.

In the record before this court, there is nothing to indicate other than the child was residing with his mother in Arkansas during those periods and when the two hearings were held and opposite custody orders issued, one by the Oklahoma court on October 9, 1973, and the other by the Arkansas court on October 11, 1973. The latter order recited it had jurisdiction over the parties and *of the child.*

Subsequent to these events and on November 21, 1973, the child was removed from the custody of the mother by the father while she was in Adair County, Oklahoma. Thereafter the mother filed her petition for writ of habeas corpus seeking return of child under the Arkansas court order. Hearings were held December 11, 1973, and January 15, 1974. The transcripts show no witness was offered by either party. It is difficult to establish by the record the circumstances of taking of the custody by the father on November 21,

---

1. Child alleged to be five years of age in petition for Writ of Habeas Corpus as verified on December 5, 1973.

2. The various custody orders involved in this appeal provided for visitation rights to the other parent. These rights are not on review and not essential to this appeal.

3. Record unclear as to why motion was passed and not heard for over a year.

1973. Nothing shows it was voluntary on the mother's part or that the child was anything more than temporarily in Adair County. Subsequent filings after the trial court's order denying the writ of habeas corpus include a letter of May 1, 1974, addressed to the mother from the father showing her address as Siloam Springs, Arkansas. Evidently she was still on that date residing in Arkansas.

In the journal entry of January 15, 1974, the trial court made findings of fact and conclusion of law. It determined the order of October 9, 1973, of the District Court of Delaware County to be in effect and not the order of October 11, 1973, of the Chancery Court of Benton County, Arkansas. The writ of habeas corpus was denied and custody given to the father with certain visitation rights to the mother. These visitation rights are the subject of other filings but not judicially modified in this record and not the subject of this review.

■ Petitioner mother argues inadequate process for the Oklahoma court to have jurisdiction over her upon which to base its modification order of October 9, 1974. We disagree. It is well established the trial court retains continuing jurisdiction after granting the divorce decree.[4] That continuing jurisdiction is not allowed to be defeated by one of the parties removing themselves and any children involved to a foreign jurisdiction. Fletcher v. Fletcher, Okl., 362 P.2d 691 (1961). In this cited case a syllabus by the Court said:

.* "Where modification of the custody and child support provisions of a divorce decree is sought by filing a petition in the original action, it is unnecessary to have a summons issued and served, as the court has continuing jurisdiction in the action, and has jurisdiction to hear and determine the subject matter of the petition upon notice given to the opposite party."

The return receipt, affidavit of the attorney filing the motion to modify, and the finding of the court establishes petitioner mother did have reasonable and adequate notice of the Oklahoma hearing on October 9, 1973.

■ The Arkansas court also had jurisdiction over the parties. The father had been personally served in Arkansas. He appeared at the hearing. That Chancery Court not only found it had jurisdiction of the parents but of the child, who was then lawfully domiciled with his mother in that court's geographic jurisdiction. This element was lacking as to the Oklahoma hearing and order of October 9, 1973.

■■ In the case at bar the trial court in its conclusions of law incorporated in the journal entry of January 15, 1974, recognized this court's decision of Clampitt v. Johnson, Okl., 359 P.2d 588 (1961) as close in point. It sought to distinguish because the mother did have sufficient notice of the Oklahoma hearing and therefore continuing jurisdiction. This particular point was discussed in Clampitt, supra, saying:

"The jurisdictional issue is rather unusual and one of first impression. We have repeatedly held that a trial court is vested with continuing jurisdiction concerning the custody and welfare of a minor child when a decree of divorce has been granted. * * *. However, we do not construe the above cases or similar cases, or the statutory provisions relating to the care and custody of minor children in a divorce action, as holding that under any and all circumstances, irrespective of what has transpired, that once a trial court has acquired jurisdiction in a divorce action, that it should necessarily assume and exercise jurisdiction to consider all subsequent motions or applications which relate to the custody and welfare of minor children."

4. Sango v. Sango, 121 Okl. 283, 249 P. 925; Bynum v. Bynum, 184 Okl. 36, 84 P.2d 424; Bishop v. Bishop, Okl., 321 P.2d 416; Danielle v. Thomas, Okl., 355 P.2d 1000; Clark v. Clark, Okl., 361 P.2d 207; State v. Lohah, Okl., 434 P.2d 928.

This court applied the doctrine of comity in that opinion. We said:

"The general rule appears to be that if a court of a sister state enters a valid and binding order or judgment concerning the custody of minor children, such order or judgment will be recognized by the courts of this state as a matter of comity, and the courts of this state will not assume or exercise jurisdiction to relitigate the question as to custody unless the child or children are lawfully and legally within this state. If such were not the general rule, there could be no orderly administration of the law, judgments of courts would be entitled to no respect, and any disappointed litigant, in order to procure another hearing, would need only to forcibly take a child into another state.

"However, an exception to the general rule should be allowed by the courts of this State where the welfare of the child is in jeopardy or some other unusual circumstance exists. This Court has consistently held that in determining the custody of children, in a divorce action, the welfare of the child is the paramount consideration. Therefore, if an application for modification of a divorce decree should affirmatively show that the welfare of the child is in jeopardy or some other unusual circumstance exists, the Courts of this State should assume jurisdiction to determine the application on its merits instead of refusing to take jurisdiction, as a matter of comity."

Where child custody is the subject matter, the doctrine of comity will be recognized in this state and that question not relitigated unless the child is lawfully and legally within this state. Again there is an exception to the comity doctrine where the welfare of the child is in jeopardy or some other unusual circumstance exists. None of these elements are present in the case at bar so as to allow application of the exceptions. Nothing in the record before the trial court upon the denial of the writ of habeas corpus reflects the child's welfare to be in jeopardy.

■ The child was not in the jurisdiction of the Oklahoma court when its modification order as to custody was made. The child was in the jurisdiction of the Arkansas court when its custody order was entered.

We believe the Clampitt case, supra, controls. That decision has been subsequently cited, discussed, and quoted in Hollick v. McDaniel, Okl., 401 P.2d 466 (1965) and Cutshaw v. Riley, Okl., 512 P.2d 179 (1973). These recent cases were concerned with somewhat similar child custody cases and orders of foreign jurisdictions.

The trial court is reversed with instruction the Writ of Habeas Corpus be granted and the custody order of the Chancery Court of Benton County, Arkansas, accepted as the present order affecting the child, Thomas Orville Price.

Reversed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., concurs in result.

HODGES, J., dissents.