**Janice L. COOPER, Appellant,**

v.

**Phillip M. COOPER, Appellee.**

No. 52040.

Supreme Court of Oklahoma.

Sept. 9, 1980.

---

Parsons & Parsons by Randy C. Parsons, Shawnee, for appellant.

LAVENDER, Chief Justice:

Appellant seeks review of an order of the District Court of Pottawatomie County sustaining Appellee's motion to quash and denial of jurisdiction in Appellant's action seeking a contempt citation against Appellee for his failure to pay child support payments as ordered in the divorce decree rendered by the District Court of Comanche County. Appellant had also sought to reduce delinquent payments to judgment and to modify the Comanche County decree by increasing child support payments. Personal service was obtained on Appellee in Pottawatomie County.

Appellant filed her brief in chief in compliance with the rules of this Court. Appellee failed to file any answer brief and was directed to show cause why the case should not be submitted for adjudication on the brief in chief. No response was made and this Court ordered the cause submitted for adjudication on the brief in chief.

 The district court correctly ruled that it had no jurisdiction to cite Appellee for contempt when the order that had been disobeyed was rendered by the Comanche County court. Only the court whose order is defied has power to punish the contempt. *Dancy v. Owens*, 126 Okl. 37, 258 P. 879, 885 (1927).

██ Under principles previously expressed by this Court, the district court also correctly ruled that it had no jurisdiction to modify the Comanche County court's decree and increase child support payments. *Jones v. Jones*, 177 Okl. 181, 58 P.2d 330, 333 (1936) (per curiam). We are convinced by the authorities in Appellant's brief, however, that under the circumstances of this case we should depart from the rule of *Jones v. Jones* and allow the District Court of Pottawatomie County to exercise jurisdiction to hear Appellant's motion to modify. We do so without reaching Appellant's equal protection arguments under the U. S. Constitution. Our holding is that when the following circumstances are present, the district court in the movant's county may exercise jurisdiction, concurrent with the court that granted the divorce, to hear the motion to modify:

1. One parent has moved away from Oklahoma and is now domiciled in another state.
2. The child is physically and lawfully present within the county in which the motion to modify is filed. *See Application of Price*, 528 P.2d 1107, 1110 (Okl.1974).
3. The action is not brought for purposes of forum shopping.
4. The nonresident parent is properly served with process, in order to confer personal jurisdiction upon the new court. 12 O.S.1971 § 1701.03(a)(7); *cf. Application of Price*, 528 P.2d at 1109.
5. The movant demonstrates that it would be a burden to return to the court that granted the original decree.

██ Finally, the court's dismissal of Appellant's action to reduce delinquent child support payments to judgment, for the reason that the petition was included in the application for contempt citation, was error. The substance of a pleading and the nature of the issues raised, not the pleader's designation of the cause of action, control the issue before the court. *Comstock v. Little*, 359 P.2d 704, 705 (Okl.1961) (syllabus # 3); *Ganas v. Tselos*, 157 Okl. 107, 11 P.2d 751, 751 (1932) (syllabus # 7). Since Appellant's pleading stated a cause of action for the debt, *Reynolds v. Reynolds*, 192 Okl. 564, 137 P.2d 914 (1943), the court should have proceeded on the action for recovery of the delinquent child support payments.

██ Where there is an unexcused failure to file an answer brief, this Court is under no duty to search the record for some theory to sustain the trial court judgment; and where the brief in chief is reasonably supportive of the allegations of error, this Court will ordinarily reverse the appealed judgment with appropriate directions. *Harvey v. Hall*, 471 P.2d 911, 911 (Okl.1970) (syllabus). However, where the brief in chief is not reasonably supportive of the allegations of error, the decision of the trial court will be affirmed. We affirm the order of the trial court insofar as it relates to Appellant's request for a contempt citation, and reverse the rest.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES and SIMMS, JJ., dissent.