**Susan BARNETT, formerly Adams, Petitioner,**

v.

**The Honorable Allen KLEIN, Associate Judge of the District Court, Tulsa County, Oklahoma, Respondent.**

**No. 71419.**

Supreme Court of Oklahoma.

Nov. 22, 1988.

---

**15.** 678 P.2d 253 (Okla.1984).

**16.** 12 O.S.1981 § 2101 et seq.

William G. Raynolds, William Hood & Associates, Inc., Tulsa, for petitioner.

James R. Gotwals, Timothy S. Gilpin, James R. Gotwals & Associates, Inc., Tulsa, for respondent.

SUMMERS, Justice:

This is an original action brought by a divorced mother to prohibit the District Court of Tulsa County from hearing a mo-

tion to modify visitation and child support filed there by the divorced father. The specific question is whether venue (1) is correctly placed in Tulsa County, the forum of the original divorce action, or (2) should be changed to Washington County, the residence of the mother and children, or (3) rests in both counties concurrently. For reasons to be explained we assume original jurisdiction, deny the writ of prohibition, and leave the case in Tulsa County.

The parties were divorced in June 1979 in the District Court of Tulsa County. The mother was given custody of the two minor children born of the marriage and the father was given visitation rights. The Divorce Decree provided for increased summer visitation by the father with the son as the son matured. In June of 1988 the father filed in Tulsa County a motion to modify the Divorce Decree and requested that summer visitation be expanded to eight weeks and that child support abate during the visitation period.

The mother, who now resides in Washington County, objected to the Tulsa court hearing the matter. The father resides in Delaware County. The trial court ruled that venue was proper in Tulsa County, and the mother then filed this action asking us to issue a Writ of Prohibition to the trial court from proceeding with the motion to modify.

The case presents questions on the continuing jurisdiction of the trial court pursuant to 12 O.S.1981, § 1277, and the applicability of the Uniform Child Custody Jurisdiction Act (UCCJA), 10 O.S.1981, §§ 1601–1627. This Court has assumed original jurisdiction when similar issues were present-

ed. *State ex rel. Murphy v. Boudreau,* 653 P.2d 531 (Okl.1982). Original jurisdiction is assumed herein pursuant to Art. VII, § 4 of the Oklahoma Constitution.

■ District courts have continuing jurisdiction to modify their child custody and support orders. 12 O.S.1981, § 1277. In *Application of Price,* 528 P.2d 1107 (Okl. 1974), the Court commented on a trial court's post-decree modification order and stated that: "[i]t is well established the trial court retains continuing jurisdiction after granting the divorce decree." *Id.* at 1109. The mother, however, asserts that such matters must be brought in the county of the child's residence.

Her argument is based on our recent Corrected Order in *Griffy v. McAllister,* published at 59 OBJ 1884[1] (June 16, 1988). Therein we determined that

"10 O.S.1981 § 1603 et seq. [the Uniform Child Custody Jurisdiction Act], as amended, is applied intrastate to this custody matter. *Cooper v. Cooper,* Okl., 616 P.2d 1154 (1980)." *Id.*

She has mistakenly concluded that the UCCJA now has intrastate application, and asks that we substitute the word "county" for the word "state" each place it appears in the Act. What she could not tell from the abbreviated *Griffy* order was that the father there in fact lived in California.

To sort out these post-decree domestic venue questions and clarify any uncertainty we may have inadvertantly created we need to go back to *Cooper v. Cooper,* supra. There the divorce was in Comanche County. The father moved out of state. The mother and children moved to Pottawa-

---

1. Since that Order was released for publication only in the Bar Journal we include its complete text here:

CORRECTED ORDER

Original jurisdiction is assumed. Writ of prohibition issue prohibiting respondent, Gordon McAllister, Jr., Special Judge of the Fourteenth Judicial District, or any other assigned Judge, from hearing the pending motion relating solely to modification of the custody of certain children in cause No. JFD–83–3185, styled *David Alan Griffy v. Sandra June Crain Griffy,* filed in the District Court of Tulsa County, other than to transfer said cause as relating to child custody to the District Court of Major County. 10 O.S.

1981, § 1603 et seq., as amended, is applied intrastate to this custody matter. *Cooper v. Cooper,* Okl., 616 P.2d 1154 (1980).

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF MAY, 1988.

_____
CHIEF JUSTICE

DOOLIN, CJ., HODGES, LAVENDER, SIMMS, WILSON, SUMMERS, JJ.—concur.

OPALA, J. dissenting, with whom HARGRAVE, V.C.J. joins: Petitioner did not timely raise her objection to the Tulsa County venue.

KAUGER, J.—dissents.

tomie County and filed an action there for child support arrearage. In allowing Pottawatomie County to exercise jurisdiction concurrent with the court that granted the divorce, we held:

"Our holding is that when the following circumstances are present, the district court in the movant's county may exercise jurisdiction, concurrent with the court that granted the divorce, to hear the motion to modify:

1. One parent has moved away from Oklahoma and is now domiciled in another state.

2. The child is physically and lawfully present within the county in which the motion to modify is filed. *See Application of Price*, 528 P.2d 1107, 1110 (Okl.1974).

3. The action is not brought for purposes of forum shopping.

4. The nonresident parent is properly served with process, in order to confer personal jurisdiction upon the new court. 12 O.S.1971 § 1701.03(a)(7); cf. *Application of Price*, 528 P.2d at 1109.

5. The movant demonstrates that it would be a burden to return to the court that granted the original decree." *Id.* 616 P.2d at 1156.

In *Cooper v. Cooper* we stated that two courts could exercise *concurrent* jurisdiction to adjudicate post-decree child custody and support matters when one of the parties resided outside of Oklahoma. A modification proceeding pursuant to *Cooper v. Cooper* requires the party invoking the concurrent jurisdiction of the court to demonstrate the burden of returning to the court which pronounced the divorce. *Id.* 616 P.2d at 1156.

In *Griffy v. McAllister* the noncustodial parent residing in California filed a motion to modify custody in the District Court for Tulsa County. The custodial parent residing in Major County filed a motion to transfer the modification proceeding from Tulsa to Major County. The custodial parent asserted that application of the doctrine of *forum non conveniens* would require transfer of the proceeding. Therein we required the trial court to transfer the proceeding from Tulsa to Major County. A transfer from one court to another is only proper when the action could have been properly brought in the transferee court. *Simpson v. Woodson*, 508 P.2d 1069 (Okl. 1973). *Griffy* may be construed as expanding *Cooper v. Cooper* because requiring transfer to the county where the children and custodial parent resided is predicated upon venue being proper in that county, had a proceeding been brought there by that out of state resident. Thus, *Griffy*, stands for the proposition of treating the out of state resident and the custodial parent equally; either party may bring the motion to modify in either the county where the custodial parent and child are lawfully located or the county where the divorce decree was pronounced. Under *forum non conveniens* the facts in *Griffy* came down in favor of transfer to the county of location.

This Court has recognized that the doctrine of intrastate *forum non conveniens* in transitory tort actions springs from the common law of Oklahoma. *Pribram v. Fouts*, 736 P.2d 513, 515 (Okl.1987). The Legislature has indicated that the inconvenience of the forum is to be considered in cases involving the UCCJA. 10 O.S.1981, § 1609.

However, application of the UCCJA to purely intrastate custody disputes is not in accordance with the Act. In *State ex rel. Murphy v. Boudreau*, 653 P.2d 531 (Okl.1982), we said:

"The primary problems the Uniform Child Custody Jurisdiction Act attempts to address are child-snatching and multistate jurisdictional squabbles.... On the other hand, 12 O.S.1981, § 1277, in general language, gives Oklahoma trial courts continuing jurisdiction to modify their own child custody and support orders....

In applying the rules of statutory construction set out above, the more recent, specific Uniform Child Custody Jurisdiction Act controls.

This is not to say, however, that the continuing jurisdiction provided in § 1277

may not still be utilized in custody matters which are not affected by the Uniform Child Custody Jurisdiction Act." *Id.* 653 P.2d at 534, [citation omitted].

The stated purpose of the UCCJA is to avoid jurisdictional conflict between courts of different states. 10 O.S.1981, § 1602(1). Language involving intrastate jurisdictional and venue disputes is conspicuously absent. The legislature having not seen fit to make the Act apply in purely intrastate controversies, we acknowledge that it does not apply in this case.

 In this case venue was proper in Tulsa County. 12 O.S.1981, § 1277. The county of the mother's residence is not available as an alternative venue under the authority of either *Griffy v. McAllister* or *Cooper v. Cooper.* It is true that child custody and support responsibility attendant thereto may be adjudicated within the context of an *habeas corpus* proceeding in the county where the child resides, 12 O.S. 1981 § 1354; *Roundtree v. Bates,* 630 P.2d 1299, 1303 (Okl.1981), although the availability of such a procedure does not divest a court of its continuing jurisdiction under 12 O.S.1981 § 1277.

But in this case the District Court of Washington County does not have the authority to modify a divorce decree from Tulsa County. Because no county other than Tulsa has venue to determine this post-decree visitation controversy between two Oklahoma residents the trial court correctly refused the requested transfer. The Application for Writ of Prohibition is denied.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES and LAVENDER, JJ., concur.

SIMMS, OPALA and KAUGER, JJ., concur in result.

ALMA WILSON, J., dissents.

ALMA WILSON, Justice, dissenting:

I believe that the controlling criterion for awarding or modifying custody and visitation orders by any court in this state shall always be what is in the best interest of the child, other statutory provisions merely being factors which may be considered. Accordingly, it is my position that this Court in *Griffy v. McAllister,* 59 OBJ 1884 (June 16, 1988) and *Cooper v. Cooper,* 616 P.2d 1154 (Okla.1980) effected intrastate application of the Uniform Child Custody Jurisdiction Act, as adopted by our State Legislature at 10 O.S.1981, §§ 1601-1627. Today's majority interpretation, in my opinion, denies equal protection of the law to intrastate litigants vis a vis interstate litigants, but moreover, denies consideration that in many cases it may be in the child's best interest to litigate the matter in the intrastate jurisdiction where the child has the most significant connection.

In the case now before this Court, the home of the child is located in Washington County, and there is available in Washington County substantial evidence as to the present and future care, welfare and personal relationships of the minor child. While not absolutely controlling, these considerations should not be precluded. Intrastate application of the substantive criteria of the Uniform Child Custody Jurisdiction Act achieves a balancing of the child's best interests in addition to those of the parental contestants. Section 1603 of the Uniform Child Custody Jurisdiction Act provides:

*§ 1603. Application of act*
*The provisions of this act shall apply to all custody proceedings brought within this state, whether as an initial proceeding or modification, and regardless of the absence of jurisdictional dispute.*

I am convinced that the intent of the Legislature, as manifested in this section, dictates equal application of the Uniform Child Custody Jurisdiction Act both interstate and intrastate. Under the circumstances, however, it appears incumbent upon the State Legislature to state more clearly its intent in the matter of the application of the Uniform Child Custody Jurisdiction Act.