**Yolanda RODRIGUEZ, Natural Mother of Alexandra Rodriguez, a minor child, Appellees,**

v.

**Feridoon MOINIAN, Appellant.**

**No. 71583.**

Court of Appeals of Oklahoma, Division No. 3.

June 26, 1990.

Jennifer E. Irish, Oklahoma City, for appellant.

Alan D. Rosenbaum, Lawton, for appellees.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Feridoon Moinian (Appellant or Father) seeks review of an order of the trial court granting modification of a child support order and increasing child support payments to Appellee Yolanda Rodriguez (Appellee or Mother) for the benefit of Appellee Alexandra Rodriguez (Daughter). Appellant asserts the determinative issue in this case is whether the District Court of Comanche County, the county of residence of all the parties hereto, had jurisdiction to modify the support provisions of a paternity decree entered by the District Court of Caddo County. We disagree, as we view the issue as one of venue, not jurisdiction.

In 1986, the Department of Human Services filed a paternity action in Caddo County on behalf of Mother, naming Appellant as putative father of Daughter. Father acknowledged paternity, confessed judgment, and agreed to child support pay-

ments of one hundred fifty dollars ($150.00) per month.

By 1988, Mother, Daughter, and Father had moved to Comanche County. In February, 1988, Mother filed a motion to modify the Caddo County order of support in Comanche County, seeking an increase in child support. On July 25, 1988, both parties appeared with counsel, and the Trial Court granted Mother's motion to modify, increasing Father's monthly child support obligation from $150 per month to $434.16 per month in accord with the statutory Child Support Guidelines then in effect. The Trial Court also awarded Mother an attorney's fee to be taxed against Father. The record on appeal does not contain a transcript or narrative of the Trial Court proceedings on the merits of Mother's motion to modify and/or the assessment of attorney's fees.

Father perfected the instant appeal from that order by filing of his Petition in Error on August 24, 1988. The record on appeal reveals that the next day however, on August 25, 1988, Father filed with the District Court of Comanche County a motion to stay the appealed-from order, and a motion to vacate the order, alleging failure of service of process of Mother's motion to modify, lack of in personam jurisdiction over Father, lack of subject matter jurisdiction over Mother's motion to modify, and deprivation of fair trial by denial of the right to present jurisdictional objections. The record on appeal similarly does not contain the Trial Court's rulings on Father's post-trial motions.

■ In his Petition in Error and Brief in Chief in support of this appeal, Father asserts (1) lack of subject matter jurisdiction of the Comanche County District Court over Mother's motion to modify the support order entered by the Caddo County District Court, (2) lack of personal jurisdiction of the Comanche County District Court over Father for lack of proper service of Mother's motion to modify, (3) deprivation of Father's right to present his objections to venue and jurisdiction to the Comanche County District Court, and (4) abuse of discretion by the Comanche County District

Court in setting an unreasonable and inequitable amount of child support. However, we find no record reflecting that Father's objections to venue, service of process, and personal jurisdiction were properly raised in the Trial Court. Father's motion to vacate under 12 O.S. § 1031.1, raising these issues apparently for the first time, was filed out-of-time, and Father does not appeal the Trial Court's rulings thereon in the present case. Therefore, and finding no record reflecting that Father's objections to venue, service of process and personal jurisdiction were properly raised in the Trial Court, we deem those objections waived, and address only Father's assertion of the Trial Court's lack of subject matter jurisdiction. 12 O.S.Supp.1984 § 2012(F) (waiver of objections); *Zahn v. Obert*, 60 Okl. 118, 159 P. 298 (1916) (objection to subject matter jurisdiction may be raised at any time).

■ As to the Comanche County District Court's jurisdiction to hear Mother's motion to modify, Father asserts that the recent case of *Barnett v. Klein*, 765 P.2d 777 (Okla.1988) is dispositive of the instant appeal. In *Barnett*, the noncustodial nonresident father filed a Motion to Modify visitation and child support in Tulsa County, where the original divorce decree had issued. The custodial mother objected to the proceedings and requested a transfer to Washington County, where she and the child resided. The Tulsa County District Court refused to transfer, and the mother filed an original action in the Oklahoma Supreme Court, seeking to prohibit the District Court of Tulsa County from hearing father's Motion to Modify. The Supreme Court held (1) the court of rendition has continuing "authority" to modify the original divorce decree and child custody and support provisions thereof, and (2) that "venue was proper in Tulsa County" under 12 O.S. § 1277. *Barnett*, 765 P.2d at 781.

However, we find *Barnett* supportive of the Comanche County District Court's action in modifying the Caddo County support order. Since 1967, the District Courts of Oklahoma are courts of "unlimited original jurisdiction," having authority over "all

justiciable matters." Oklahoma Constitution, Art. VII, § 7. While the Supreme Court in *Barnett* discusses intrastate "jurisdiction" to modify support orders, the true holding of *Barnett* turns on a determination of the proper *venue* for subsequent modification of support orders. 765 P.2d at 781. In the present case, and as we have previously held herein, Father failed to timely raise any objection to venue of the Comanche County District Court by timely and proper objection thereto, and effectively waived the objection.

We therefore find the District Court of Comanche County, as a court of unlimited original jurisdiction, had subject matter jurisdiction over resident Mother's motion to modify. Clearly, all the parties resided in Comanche County, and Father's general appearance without objection appearing of record renders Father's objections to venue, service of process and personal jurisdiction unavailing. To blindly apply the holding of *Barnett* to the facts of this case and hold that the District Court of Comanche County did not have jurisdiction to hear the instant modification action would be to create a result never intended by the Oklahoma Legislature and Supreme Court, and would require the parties to drive some thirty miles north to the Caddo County District Court for a relitigation of the identical issues decided against Father. Comanche County is clearly the most convenient forum for all parties, and evidence regarding the parties' relative circumstances was more readily available in Comanche County. Under the facts and circumstances of this case, we therefore hold that the District Court of Comanche County had jurisdiction over the subject matter and parties, and the authority to modify the prior support order from Caddo County. See also, *Cooper v. Cooper*, 616 P.2d 1154, 1156 (Okl.1980) (concurrent jurisdiction of intrastate courts over motions to modify under certain circumstances). Having no record of the parties' respective proofs of material and substantial change of condition warranting the grant or denial of an increase in child support, we presume the Trial Court's judgment increasing Father's child support to be responsive to the evidence.

No reversible error of law appears and the Trial Court did not abuse its discretion. The order of the Trial Court is therefore AFFIRMED. Rule 1.202(e), Rules of Appellate Procedure, 12 O.S. 1983 Supp., Ch. 15, App. 2.

ADAMS, J., concurs.

HANSEN, P.J., concurs in result.