Joe P. SECRIST, Appellant,

v.

DEVELOPMENTAL SERVICES OF TULSA, an Oklahoma Corporation, Appellee.

No. 74704.

Court of Appeals of Oklahoma, Division 1.

Oct. 15, 1991.

Steven R. Hickman, Tulsa, for appellant.

Dan Fazzini, Tulsa, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Joe Secrist (Appellant) was employed by Developmental Services of Tulsa, Inc. (Appellee), at an hourly rate. Appellant's duties were to provide supervision for mentally retarded individuals. Appellant was required to work eight and one half (8½) hour days. One half hour of the time was devoted to lunch, but Appellant was required to supervise a mentally retarded individual during that time.

Appellant was paid for his eight (8) hour days, but was not paid for the one half hour lunch periods. He worked 81 days. After that he filed a small claims action against Appellee for wages allegedly due to him for the half hour "lunch periods" for the eighty one (81) days that he worked for Appellee. Appellant claimed he was due to be paid for 40½ hours at the overtime rate.

The trial court entered judgment for Appellee on the ground that Appellant had agreed to the work arrangement and to be paid only for 8 hours each day. Appellant contends the Fair Labor Standards Act (Act), 29 U.S.C. § 201 et seq. requires an employee to be paid overtime for any work week longer than forty (40) hours. He also contends that federal law requires a lunch period to be free from duty and, if employees are required to perform active or inactive duties during the lunch period, they are entitled to be compensated for that time.

Appellee testified that Appellant agreed to "absorb" the extra one half hour per day and not to be paid for that time. Appellant contends that even if he made such an agreement, it was in violation of the Act and unenforceable. We agree with Appellant.

Appellee has not filed an answer brief. We find Appellant's brief to be reasonably supportive of his allegations of error and therefore reverse the trial court's judgment. *Cooper v. Cooper*, 616 P.2d 1154 (Okl.1980); *Sneed v. Sneed*, 585 P.2d 1363 (Okl.1978).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BAILEY and ADAMS, JJ., concur.