2012 OK CIV APP 112

**In the Matter of the Application of Steven Charles HARVEY To Change His Name, Petitioner/Appellant.**

**No. 110,048.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 20, 2012.

Tim N. Cheek, D. Todd Riddles, Gregory D. Winningham, Cheek Law Firm, P.L.L.C., Oklahoma City, Oklahoma, for Petitioner/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Petitioner/Appellant Steven Charles Harvey (Harvey) filed a Petition for Change of Name in the District Court of Oklahoma County. Harvey sought to have his name changed from "Steven Charles Harvey" to "Christie Ann Harvey," because he was in the process of undergoing sexual/gender change. Harvey's Petition alleged that he did not seek to have his name changed for any illegal or fraudulent purpose or to delay or hinder creditors. The trial court denied Harvey's Petition. Harvey filed a Motion for New Trial, which the trial court overruled.

Harvey appeals. We hold the trial court abused its discretion by denying Harvey's Motion for New Trial. Accordingly, we reverse and remand with directions to grant Harvey's name change.

¶ 2 A trial court's denial of a new trial is reviewed for abuse of discretion. *Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 15, 139 P.3d 897, 902. Because the trial court has broad discretion in ruling on a motion for a new trial, the denial of a new trial will be reversed only upon clear error with respect to a pure and unmixed question of law. *Id.* This appeal proceeds on the appellant's brief only. Where the brief-in-chief is reasonably supportive of the allegations of error, this Court will ordinarily reverse the appealed judgment with appropriate directions. *Cooper v. Cooper*, 1980 OK 128, 616 P.2d 1154, 1156; Okla.Sup.Ct.R. 1.10.

¶ 3 Harvey's Petition complied with the pleading requirements of 12 O.S.2011 § 1632 [1] and the notice requirements of 12 O.S.2011 § 1633. In the Petition, Harvey alleged the reason he was seeking a name change was that "Petitioner is in the process of undergoing sexual/gender change." Harvey stated that "The Petitioner does not seek to have his name changed for any illegal or fraudulent purpose, or to delay or hinder creditors." Harvey later stipulated that the gender reassignment process would not alter his DNA or his ability to bear children.

¶ 4 On appeal, Harvey asserts that judgment should have been entered granting the name change. Title 12, § 1634 provides:

> The material allegations of the petition shall be sustained by sworn evidence, and the prayer of the petition *shall* be granted *unless the court or judge finds that the change is sought for an illegal or fraudulent purpose,* or that a material allegation in the petition is false.

12 O.S.2011 § 1634 (emphasis added). Harvey argues that "the only statutory impedi-

ment to a name change is a finding that the change is for an illegal or fraudulent purpose." *In re Stratton ex rel. Kelley,* 2004 OK CIV APP 35, ¶ 12, 90 P.3d 566, 570. Harvey contends there is no fraud in identifying oneself by a traditionally male or female name while having the DNA of the other sex.

¶ 5 We agree with the last contention. The law does not require males be given traditionally male names, or females traditionally female names, by their parents at birth. Additionally, there are numerous gender-androgynous names. The relevant issue in a name change proceeding is not whether the applicant's DNA corresponds with the traditionally male or female name preferred by the applicant. The statute does not change the sex of the applicant, only the applicant's name. The trial court's denial was not based on a finding that a material allegation in the petition was false. Therefore, the relevant issue is whether the applicant is seeking a name change for an illegal or fraudulent purpose. *See* 12 O.S. § 1634. We hold that the trial court abused its discretion by overruling Harvey's Motion for New Trial and denying his application for a change of name. The trial court's finding that Harvey sought a name change for an illegal or fraudulent purpose is not supported by the evidence. Because we hold the trial court abused its discretion by failing to apply the standard set forth in 12 O.S. § 1634, we will not address Harvey's constitutional arguments. The trial court's judgment is reversed, and the case is remanded with directions to enter judgment granting Harvey's change of name.

¶ 6 REVERSED AND REMANDED WITH DIRECTIONS.

JOPLIN, V.C.J., and BELL, J. (sitting by designation), concur.

---

1. Title 12, § 1632 provides:
   The petition [for change of name] shall be verified and shall state: (a) The name and address of the petitioner; (b) The facts as to domicile and residence; (c) The date and place of birth; (d) The birth certificate number, and place where the birth is registered, if regis- tered; (e) The name desired by petitioner; (f) A clear and concise statement of the reasons for the desired change; (g) A positive statement that the change is not sought for any illegal or fraudulent purpose, or to delay or hinder creditors.