CONN APPLIANCES v. POWERS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CONN APPLIANCES v. POWERS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CONN APPLIANCES v. POWERS
2018 OK CIV APP 25
Case Number: 115878
Decided: 03/09/2018
Mandate Issued: 04/04/2018
DIVISION I
Comp. w/115879, 115880, 115881, 115882
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2018 OK CIV APP 25, __ P.3d __

 

CONN APPLIANCES, INC., d/b/a CONN'S, Plaintiff/Appellant,
v.
TERESA E. POWERS, Defendant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE JAMES B. CROY, JUDGE

REVERSED AND REMANDED

Clyde A. Muchmore, Melanie W. Rughani, Lysbeth L. George, CROWE & DUNLEVY, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Kenneth L. Buettner, Judge:

¶1 Plaintiff/Appellant Conn Appliances, Inc., d/b/a Conn's (Conn) appeals from the trial court's order denying Conn's motion for default judgment against Defendant Teresa E. Powers and ordering Conn to submit its claim to binding arbitration.[1] Powers has not filed an appellate brief and this case proceeds on Conn's brief only. The trial court erred in refusing to grant default judgment and in ordering arbitration in the absence of a motion to compel arbitration. We reverse and remand.

¶2 Conn filed its Petition July 9, 2015, in which it alleged that in order to purchase goods or services from Conn, Powers had entered a retail installment agreement March 4, 2014, in which she agreed to make monthly payments with interest until the total due was paid in full. Conn alleged Powers had defaulted on the account and had last made a payment August 29, 2014. Conn averred it had given Powers notice of its intent to accelerate the balance and that Powers then owed Conn $2,074.35 and had failed to pay in response to Conn's written demand. Conn sought judgment for breach of Powers's agreement to pay.

¶3 Conn filed proof July 21, 2015 that Powers was personally served summons July 15, 2015. The docket sheet shows Powers failed to answer or otherwise appear.

¶4 The next activity in the docket is the trial court's Order for Binding Arbitration, filed February 16, 2017, in which the trial court ruled on Conn's request for default judgment. In that order, the trial court noted that the parties' agreement contained an arbitration clause which provided, in pertinent part:

ARBITRATION: You agree that any claim, dispute or controversy arising from or relating to this Agreement, including, but not limited to, disputes relating to any documentation governing your obligations under this Agreement, any claim, dispute, or controversy alleging fraud, misrepresentation, or other claim, whether under common law, equity, or pursuant to federal, state or local statute or regulation, any dispute relating to collection activities taken by Conn's, our affiliates, subsidiaries, agents, officers, employees, servicers, directors, or assigns regarding monies owed under this Agreement, or the scope or validity of this arbitration clause including disputes as to the matters subject to arbitration, or the enforcement or interpretation of any other provision of this agreement, shall be resolved by binding individual (and not class) arbitration . . . You and we are waiving the right or opportunity to litigate disputes in a court of law . . . .
* * *

This arbitration clause does not apply to any legal remedies that may be pursued to collect monies owed under this agreement. This arbitration clause is an independent agreement and shall survive the termination, payoff or transfer of this agreement. If any part of this arbitration clause is found by a court to be unenforceable for any reason, the remainder of this clause shall remain enforceable.[2]

The trial court found that a binding arbitration agreement existed and that the paragraphs quoted above were in conflict. Specifically, the trial court found that the first paragraph provided that "any and all disputes" were subject to arbitration while the third paragraph carved out a particular legal remedy for Conn. The court noted its statutory duty to interpret the agreement against Conn, citing 15 O.S.2011 §170. The court concluded that the intent of the agreement was to submit all disputes, including collection claims, to arbitration. The court further found that the third paragraph's exception for collection claims was repugnant to the arbitration agreement; the court therefore concluded it could not be enforced. The trial court found that the arbitration agreement, subject to the court's modification, was binding. The court directed that Conn's claim in this case must be resolved by binding arbitration.

¶5 Conn appeals. An order compelling arbitration is an appealable interlocutory order. Oklahoma Oncology & Hematology P.C. v. US Oncology, Inc., 2007 OK 12, ¶17, 160 P.3d 936. We review an order responding to a motion to compel arbitration de novo. Thompson v. Bar-S Foods Co., 2007 OK 75, ¶9, 174 P.3d 567. However, Powers has failed to file a response or brief. In a case proceeding on an appellant's brief only, "this Court is under no duty to search the record for some theory to sustain the trial court judgment; and where the brief in chief is reasonably supportive of the allegations of error, this Court will ordinarily reverse the appealed judgment with appropriate directions." Cooper v. Cooper, 1980 OK 128, ¶6, 616 P.2d 1154. Conversely, reversal is never automatic for failure to file an answer brief. Hamid v. Sew Original, 1982 OK 46, ¶7, 645 P.2d 496.

¶6 Conn argues the trial court erred in ordering the parties to arbitration rather than entering default judgment against Powers. We have found no Oklahoma case considering whether a trial court may sua sponte enforce an arbitration agreement. The Uniform Arbitration Act directs that a court may order arbitration "on application and motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate . . . ." 12 O.S.2011 §1858(A) (emphasis added). Section 1856(A) of the Act also provides that judicial relief under the Act must be made by application and motion. The Act also expressly provides that the parties to an arbitration agreement may waive the requirements of the Act, except, among other provisions, for the requirement to seek arbitration by filing an application and motion. 12 O.S.2011 §1855(A)(1). Nothing in the Act suggests the trial court may order arbitration in the absence of an application and motion by a party to an agreement to arbitrate. In a case involving application of the Federal Arbitration Act, the United States Supreme Court explained, "(t)he Act, after all, does not mandate the arbitration of all claims, but merely the enforcement-upon the motion of one of the parties-of privately negotiated arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985) (emphasis added).[3]

¶7 Conn urges that the right to compel arbitration under an arbitration agreement may be waived, not only because a motion for arbitration is required by the Act, but also because such an agreement is effectively a forum selection clause and because the existence of an arbitration agreement is an affirmative defense. Conn correctly notes that Oklahoma cases refer to arbitration as an alternate forum for resolution of disputes. See Oklahoma Oncology, supra, 2007 OK 12 at ¶30, and Thompson, supra, 2007 OK 75 at ¶8. A challenge to venue or forum may be waived and the trial court errs in sua sponte transferring a case to a more convenient forum. See Stevens v. Blevins, 1995 OK 6, 890 P.2d 936. Additionally, it is settled that in Oklahoma, the existence of an arbitration agreement is an affirmative defense, which by definition may be waived.

The contractual right to compel arbitration has been treated as a defense to an action on the contract. . . . An agreement to arbitrate is treated as an affirmative defense by the Federal Arbitration Act. . . . Thus, a party may waive its contractual right to compel arbitration.

Shaffer v. Jeffery, 1996 OK 47, ¶6, 915 P.2d 910. See also Towe Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co., 1997 OK CIV APP 58, 947 P.2d 594 (cert. denied).

¶8 The trial court erred in ordering the parties to arbitration in the absence of a motion by a party.[4] Powers waived her right to arbitration by failing to appear or answer. Where a party has been properly served and fails to appear, default judgment will be granted. 12 O.S.2011 §2004(B)(1) and Okla. Dist. Ct. Rule 10. For these reasons, we reverse the trial court's Order for Binding Arbitration. On remand, the trial court is directed to enter default judgment in favor of Conn.

¶9 REVERSED AND REMANDED.

BELL, P.J., and JOPLIN, J., concur.

FOOTNOTES

[1] The Oklahoma Supreme Court entered its order March 21, 2017, directing that this case be made companion to Case Nos. 115,879; 115,880; 115,881; and 115,882.

[2] This quoted language is found in the trial court's Order for Binding Arbitration. The designated record does not include a copy of the parties' agreement (or indeed any exhibits).

[3] A number of courts have held that federal district courts may not sua sponte enforce arbitration clauses. See Auto. Mechs. Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc., 502 F.3d 740, 746 (7th Cir.2007); Beauperthuy v. 24 Hour Fitness USA, Inc., 2006 WL 3422198 (N.D.Cal. 2006); Matter of Arbitration Between Standard Tallow Corp., and Kil--Mgmt., 901 F.Supp. 147, 151 (S.D.N.Y.1995); Amiron Dev. Corp. v. Sytner, 2013 WL 1332725 (E.D.N.Y. 2013); Lopardo v. Lehman Bros., Inc., 548 F.Supp.2d 450, 457 (N.D.Ohio 2008).

[4] Because we find the trial court erred in failing to enter default judgment based on Powers's failure to appear or answer, thus waiving any right to arbitrate, we need not consider the trial court's interpretation of the arbitration provisions of the parties' agreement. We remind the trial court, however, that a court must enforce the contract as it is written and a court may not rewrite a contract. Oxley v. General Atlantic Resources, Inc., 1997 OK 46, ¶14, 936 P.2d 943. We agree with Conn that it was error to compel it to arbitrate an action specifically excluded from the arbitration agreement.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1997 OK CIV APP 58, 947 P.2d 594, 68 OBJ 3667, Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Insurance Co.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 46, 936 P.2d 943, 68 OBJ 1275, Oxley v. General Atlantic Resources, Inc.
Discussed
 1995 OK 6, 890 P.2d 936, 66 OBJ 483, Stevens v. Blevins
Discussed
 1996 OK 47, 915 P.2d 910, 67 OBJ 1193, Shaffer v. Jeffery
Discussed
 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Discussed at Length
 2007 OK 75, 174 P.3d 567, THOMPSON v. BAR-S FOODS COMPANY
Discussed at Length
 1980 OK 128, 616 P.2d 1154, Cooper v. Cooper
Discussed
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1855, Waivers - Provisions and Rights That Cannot Be Waived or Restricted - Exempt Agreements
Cited
 12 O.S. 1858, Refusal to Arbitrate - Absence of Enforceable Agreement - Court Orders to Arbitrate
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Cited
Title 15. Contracts
 Cite
Name
Level

 15 O.S. 170, Construction Against Party Causing Uncertainty
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA