**MEDICAL REALTY ASSOCIATES, LLC., and Hasse Construction Company, Inc., Appellants–Defendants,**

v.

**D.A. DODD, INC., Appellee–Plaintiff,**

and

**First Midwest Bank, Emcor Hyre Electric Co., of Indiana, Inc., Stan's Painting & Decorating, Inc., C & S Concrete Construction, Inc., and Korellis Roofing, Inc.,[1] Appellees–Defendants.**

No. 45A03–0909–CV–426.

Court of Appeals of Indiana.

June 17, 2010.

**1.** First Midwest Bank, Emcor Hyre Electric Co. of Indiana, Inc., Stan's Painting & Decorating, Inc., and C & S Concrete Construction, Inc., were parties before the trial court but have not participated in this appeal. Pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court is a party on appeal.

Stephen M. Maish, Patrick A. Mysliwy, Maish & Mysliwy, Hammond, IN, Attorneys for Appellant Hasse Construction Company, Inc.

Steven A. Johnson, Johnson, Rappa & Ivancevich, LLC, Merrillville, IN, Attorney for Appellant Medical Realty Associates, LLC.

Scott M. Keller, Anderson, Agostino & Keller, P.C., South Bend, IN, Attorney for Appellee D.A. Dodd, Inc.

Daniel W. Glavin, Beckman, Kelly & Smith, Hammond, IN, Attorney for Appellee Korellis Roofing, Inc.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, Medical Realty Associates, LLC (MRA), and Hasse Construction Company, Inc. (Hasse) (collectively, Appellants), appeal the trial court's Order denying their motion to compel arbitration and request to stay the mechanic's lien foreclosure action initiated by Appellee–Plaintiff, D.A. Dodd, Inc. (Dodd), and declaring arbitration unavailable for a claim brought by Korellis Roofing, Inc. (Korellis).[2]

We reverse and remand.

### ISSUES

Appellants present two issues for our review, which we restate as:

(1) Whether the trial court erred by denying their motion to compel arbitration and request to stay mechanic's lien foreclosure with respect to Dodd; and

(2) Whether the trial court made a premature ruling on whether Korellis can be required to submit to arbitration.

### FACTS AND PROCEDURAL HISTORY

MRA is the owner of Pinnacle Hospital in Merrillville, Indiana. On October 24, 2005, MRA hired Hasse to serve as the general contractor for the construction of Pinnacle Hospital. Hasse hired various subcontractors and suppliers to perform work and provide materials. Dodd was hired to perform heating, ventilating, and air conditioning work (HVAC), and plumbing work. Dodd and Hasse entered into two separate contracts on February 23, 2006: Subcontract No. 3771 and Subcontract No. 3772 (collectively, Dodd Subcon-

---

2. Hasse Construction is also a Plaintiff in a claim for indemnification from MRA for any liability which may be attributed to it due to it being MRA's general contractor.

tracts). Each Dodd Subcontract contains the same general conditions including a provision requiring Dodd to provide notice to Hasse, the general contractor, of all claims "against the Contract, its surety, the Architect, or the Owner." (Appellant's App. pp. A–54, A–62). Each contract also contained arbitration clauses, which gave Hasse, the general contractor, the option to require arbitration of any of Dodd's claims "asserted in a timely notice." (Appellant's App. pp. A55, A63). Additionally, the Dodd Subcontracts contained incorporation clauses, incorporating by reference the contract between MRA and Hasse, which provided for arbitration as well.

Hasse hired Korellis to perform roofing work, but Hasse did not effectuate any contract with Korellis similar to the Dodd Subcontracts. Rather, Hasse and Korellis' relationship was created by various writings, including bid specifications and bid proposals. None of these documents contain any alternative dispute resolution provisions.

On October 5, 2007, Dodd recorded a notice of mechanic's lien against Pinnacle Hospital to secure payment of a principal balance of $588,135.98 which Dodd claimed to be owed for labor and materials it provided as a subcontractor. After the mechanic's lien was recorded, Dodd received some partial payments from Hasse, which reduced its claim. Hasse has not paid the full amount promised under the Dodd Subcontracts because MRA has withheld funds owed to Hasse due to MRA's contention that there are problems with some of the work which Dodd performed. On April 10, 2008, Hasse notified Dodd that it was electing to have all claims of Dodd arising out of its demand for payment for work performed on the Pinnacle Hospital project arbitrated.

On May 29, 2008, Korellis recorded a notice of mechanic's lien against Pinnacle Hospital for work which it had performed, but had not been paid.

On September 24, 2008, Hasse file a Complaint seeking to foreclose on a mechanic's lien against Pinnacle Hospital naming MRA and its mortgage company as defendants. On September 25, 2008, Dodd filed its Complaint seeking to foreclose on a mechanic's lien against Pinnacle Hospital. Dodd named as defendants other parties who have asserted mechanic's liens against Pinnacle Hospital, including Hasse and Korellis.

On October 27, 2008, Hasse Construction filed a motion to compel arbitration and stay proceedings in response to the Dodd Complaint. On December 29, 2008, the trial court consolidated the Hasse Complaint with the Dodd Complaint, and on January 23, 2009, MRA joined Hasse's motion to compel arbitration and stay proceedings. On January 26, 2009, Korellis filed a Complaint, seeking to foreclose on a mechanic's lien against Pinnacle Hospital.

On August 17, 2009, the trial court entered its order denying the motion to compel arbitration, stating as follows:

[N]either Dodd nor Korellis is prohibited from foreclosing upon its claim under its mechanic's lien. Furthermore, Dodd's foreclosure action upon its mechanic's lien is filed against Defendant MRA. Consequently Hasse, who is not a party to said claim, lacks standing to contest this particular action.

[ ]MRA is not a party to the Subcontracts, which are an agreement between Hasse and Dodd and between Hasse and Korellis. Consequently MRA lacks standing to assert that Subcontract Arbitration Provisions in the General Contract between Hasse and MRA also extend to Dodd and Korellis for their claims.

(Appellant's App. p. A–37).

Hasse and MRA now appeal. Addition-

al facts will be provided as necessary.[3]

## DISCUSSION AND DECISION

### I. *Standard of Review*

In *Precision Homes of Indiana, Inc. v. Pickford,* 844 N.E.2d 126, 130–31 (Ind.Ct. App.2006), *trans. denied,* we articulated the following standard of review for appeals of decisions regarding motions to compel arbitration:

> The trial court's denial of a motion to compel arbitration is reviewed *de novo.* The party seeking to compel arbitration must demonstrate the existence of an enforceable arbitration agreement and that the disputed matter is the type of claim that is intended to be arbitrated under the agreement. Whether the parties agreed to arbitrate any disputes is a matter of contract interpretation, and most importantly, a matter of the parties' intent. Courts in Indiana have long recognized the freedom of parties to enter into contracts and have presumed that contracts represent the freely bargained agreement of parties. Thus, imposing on parties a policy favoring arbitration before determining whether they agreed to arbitrate could frustrate their intent and freedom to contract.

(Citations and punctuation omitted). We will decide whether the dispute, on its face, is covered by the language of the arbitration provision. *St. John Sanitary Dist. v. Town of Schererville,* 621 N.E.2d 1160, 1162 (Ind.Ct.App.1993). In doing so, we will apply ordinary contract principles governed by state law. *Id.* If we determine that the parties have agreed to arbitrate, Indiana policy favors arbitration. *MPACT Const. Group, LLC v. Superior Concrete Constructors, Inc.,* 802 N.E.2d 901, 905 (Ind.2004).

### II. *Dodd's Mechanic's Lien*

■ Appellants argue that the trial court erred by denying their motion to compel arbitration of Dodd's mechanic's lien claim. Specifically, they contend that, per the terms of the Dodd Subcontracts, Dodd's claim against Pinnacle Hospital should be submitted to arbitration since Hasse asserted its option to have Dodd's claims arbitrated. They maintain that the terms of the arbitration clauses in the Dodd Subcontracts are broad, and mechanic's lien claims have not been expressly excepted from those terms; therefore, the arbitration clause applies to Dodd's mechanic's lien claim.

■ Our goal when interpreting a contract is to ascertain and give effect to the parties' intent as expressed by the language of the agreement. *Delgado v. Boyles,* 922 N.E.2d 1267, 1270 (Ind.Ct.App. 2010). "Courts in Indiana have long recognized the freedom of parties to enter into contracts and have presumed that contracts represent the freely bargained for agreement of the parties." *MPACT Const. Group, LLC,* 802 N.E.2d at 906.

Regarding the notice of claims, the Dodd Subcontracts provide as follows:

> [Dodd] agrees that for all claims, [Dodd] shall give [Hasse] written notice of any such claims within [2 weeks] of the time when [Dodd] first knew, or reasonably should have known, the facts giving rise to the event for which [the] claim is made. In the absence of timely compliance with such notice requirements any such claims by [Dodd] shall be deemed waived and forfeited, and shall not be valid for any purpose of recovery against the Contract, its surety, the Architect, or [MRA].

---

**3.** On March 4, 2010, Dodd filed a motion to strike portions of Appellant's Joint Reply Brief, which we today deny by a separate Order.

(Appellants' App. pp. A54, A62). The arbitration clauses of the Dodd Subcontracts state:

> At [Hasse's] sole election, any of [Dodd's] claims asserted in a timely notice and any claims asserted by [Hasse] shall be resolved by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") in effect at the time that [Hasse] elects arbitration[.]

(Appellants' App. pp. A54–A55, A62–A63). The notice clauses and arbitration clauses in the Dodd Subcontracts work in conjunction: Dodd is required to provide timely notice to Hasse (the Contractor) and the arbitration clauses state that at Hasse's "sole election, any of Subcontractor's claims asserted *in a timely notice*" shall be submitted to arbitration. (Appellants' App. pp. A55, A63) (emphasis added). Because the arbitration clause extends Hasse's authority over "claims asserted in a timely notice" and the notice provisions require Dodd to provide notice to Hasse of all claims "against the Contract, its surety, the Architect, or [MRA]," it follows that Hasse has the authority to elect arbitration of claims by Dodd against MRA and Pinnacle Hospital, the subject of the Contract. Further, the notice and arbitration provisions use broad sweeping phrases such as "any claims" and "all claims," and mechanic's liens have nowhere been excluded from these provisions. Therefore, we conclude that by the clear unambiguous language of the Dodd Subcontracts, Hasse is given the option to require arbitration of any or all of Dodd's claims, including those against MRA and Pinnacle Hospital.[4]

On April 10, 2008, Hasse notified Dodd that it was electing to have all claims of Dodd arising out of its demand for payment for work performed on the Pinnacle Hospital project arbitrated. Later, Hasse moved to compel arbitration of Dodd's mechanic's lien claim, and we conclude that the trial court erred by denying that motion to compel.

### III. *Korellis' Mechanic's Lien*

■ With respect to Korellis, the Appellants contend that the trial court's Order is premature. Alternatively, Appellant's contend that Korellis can be compelled to arbitrate although Korellis never signed a subcontract similar to the Dodd Subcontracts.

The motion to compel arbitration was filed by Hasse on October 27, 2008. The motion was directed only at Dodd's mechanic's lien and made no mention of any claim or potential claim stemming from Korellis. MRA joined in Hasse's motion to compel on January 23, 2009. Thereafter, on January 26, 2009, Korellis filed its Complaint seeking to foreclose upon the mechanic's lien against Pinnacle Hospital.

Korellis contends that the Appellants addressed the applicability of arbitration with respect to Korellis making the issue ripe for resolution. The basis for Korellis' contention is a colloquy during the hearing on the motion to compel arbitration.

> [Trial Court]: What about Korellis? I have a question.
>
>        \*      \*      \*
>
> [MRA's Counsel]: Well, frankly ... much of ... the Korellis issue has come up more recently. And so as we said there are some, some motions

---

4. Because we conclude that the language of the Dodd Subcontracts explicitly provide Hasse the authority to request arbitration of all of Dodd's claims, including those against

MRA and its property, we also conclude that the trial court's conclusion that Hasse lacked standing was in error.

and answers with regard to Korellis that are still pending.

[Trial Court]: But my question is MRA's position that all the subcontractor[s] including Korellis should be subject to arbitration?

[MRA's Counsel]: Well, that would be our hope because all of the work with . . . this hospital comes under our general contract.

[Trial Court]: I know it's your hope, but on a legal basis are you telling me that legally you think there's a basis for me to order every subcontractor into arbitration?

[MRA's Counsel]: Yes, because both in Indiana law and Federal law there—if—everything is construed in favor of arbitration because the parties, the prospective of the Indiana courts is that—and Federal courts as well—is that arbitration has to be protected. And so if a claim is possible to be arbitrated, then it should be especially if the parties have inserted into their contracts clauses[.]

(Transcript pp. 34–35).

Having reviewed the record, we must agree with the Appellants that the trial court ruled prematurely that Korellis cannot be compelled to arbitrate. The colloquy highlighted by Korellis on appeal does not demonstrate that either MRA or Hasse introduced an argument specifically addressing the applicability of arbitration with respect to Korellis. When pressed by the trial court for its opinion as to whether arbitration would be appropriate, MRA's counsel stated that motions and answers were pending and that the law generally favors arbitration where it is provided for by contract. No facts regarding Korellis' agreement with Hasse were discussed to develop an argument directed at Korellis. Indeed, the Appellants have yet to move that Korellis be compelled to arbitrate, and without a pending motion, we conclude that the trial court's determination was unnecessary and premature, and, thus, remand for further proceedings.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred when it denied the Appellants' motion to compel arbitration and stay proceedings, and ruled prematurely when it ruled that Korellis cannot be compelled to submit to arbitration.

Reversed and remanded.

MATHIAS, J., and BRADFORD, J., concur.