

IN THE

# Court of Appeals of Indiana

Town of Macy, Indiana,

*Appellant-Plaintiff*



FILED

May 22 2026, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Nyona South Mud Lake Conservancy District,

*Appellee-Defendant*

---

May 22, 2026

Court of Appeals Case No.
25A-PL-2583

Appeal from the Fulton Superior Court

The Honorable Gregory L. Heller, Judge

Trial Court Cause No.
25D01-2305-PL-000287

---

**Opinion by Judge Felix**
Judges May and Mathias concur.

**Felix, Judge.**

## Statement of the Case

The Town of Macy, Indiana (the "Town"), contracted with the Nyona South Mud Lake Conservancy District (the "District") for wastewater treatment. Several years later, both parties filed for declaratory judgment regarding their rights under their agreement, and they both filed motions for summary judgment to that effect. The trial court denied the motions and instead ordered the parties to arbitration. The Town now appeals, raising several issues, one of which is dispositive: Whether the trial court erred by sua sponte ordering the parties to arbitrate their claims.

Because we conclude the trial court erred by ordering arbitration, we reverse and remand with instructions.

## Facts and Procedural History

In October 2010, the Town and the District executed a wastewater treatment agreement (the "Agreement") whereby the District would receive and process sewage from the Town at the District's treatment facility in exchange for a lump sum plus a fixed rate that could be intermittently adjusted by the District. The Agreement also included the following arbitration provision (the "Arbitration Provision"):

> In the event any dispute should arise between the parties to this Agreement as to any terms or conditions thereof, including any dispute as to amounts payable hereunder, the District and Town

shall agree upon an arbitrator who shall hear and resolve said dispute and whose decision shall be final and binding upon both parties.

Appellant's App. Vol. III at 36.

[4] In mid-2023, after disputes arose between the parties regarding the District's approval of a rate increase and the responsibility for costs associated with an alleged discharge of sewage at the District's facility, the parties filed competing requests for declaratory judgment. In November, the parties filed competing motions for summary judgment. At the hearing on those motions, the trial court confirmed that the parties agreed the Agreement controlled and asked them, "But why isn't this going to arbitration as laid out in [the Agreement]?" Tr. Vol. II at 28. The Town argued that the parties had waived arbitration "by participation in these proceedings" and that the Arbitration Provision was "invalid" and "defective." *Id.* at 29. The District represented that it had "discussed the possibility of" filing a motion to compel arbitration and decided to instead "follow through with [its] own [declaratory judgment] action." *Id.*

[5] In January 2024, the trial court denied the parties' motions for summary judgment because it determined that the Agreement required the parties to arbitrate their disputes. The trial court thus ordered "the parties [to] engage in arbitration as required by the Agreement." Appellant's App. Vol. V at 3. On the Town's motion, the trial court certified that order for interlocutory appeal; this court dismissed the ensuing appeal without prejudice. The parties then proceeded to arbitration, and in January 2025, the arbitrator issued its award.

The Town then filed a motion challenging that award, and the trial court affirmed it, entering judgment consistent therewith. This appeal ensued.[1]

## Discussion and Decision

### The Trial Court Erred by Sua Sponte Ordering the Parties to Arbitration

The Town argues that the trial court erred by sua sponte ordering the parties to participate in arbitration. We review a trial court's decision to compel arbitration de novo. *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 521 (Ind. 2021) (citing *Med. Realty Assocs., LLC v. D.A. Dodd, Inc.*, 928 N.E.2d 871 (Ind. Ct. App. 2010)).

Indiana's Uniform Arbitration Act authorizes our trial courts to recognize and enforce arbitration agreements. Ind. Code §§ 34-57-2-1 to -22.[2] Such agreements are contracts, so Indiana contract law principles apply. *Carmel Operator*, 160 N.E.3d at 521–22. Generally, a court will enforce an arbitration agreement unless (1) that agreement is "illegal or against public policy," *id.* at

---

[1] Both parties fail to support numerous statements of fact throughout their briefs with citations to the Record, as required by Indiana Appellate Rule 46(A)(6)(a) and 46(A)(8)(a). We remind the parties that the purpose of our appellate rules—especially Appellate Rule 46 governing the content of briefs—"is to aid and expedite review and *to relieve the appellate court of the burden of searching the record* and briefing the case." *Miller v. Patel*, 212 N.E.3d 639, 657 (Ind. 2023) (emphasis added) (quoting *Dridi v. Cole Kline LLC*, 172 N.E.3d 361, 364 (Ind. Ct. App. 2021)).

[2] On July 1, 2026, a new version of Indiana Code section 34-57-2-1 will go into effect, but the amendment does not alter the substance of that section. *Compare* Ind. Code § 34-57-2-1 (effective July 1, 1998, to June 30, 2026), *with* 2026 Ind. Legis. Serv. P.L. 115-2026 § 82 (West) (updating cross reference in subsection (b)).

521; or (2) a party seeking to compel arbitration has waived its right to do so, *ISP.com LLC v. Theising*, 805 N.E.2d 767, 776 (Ind. 2004).

[8] The Town specifically argues that the trial court could not sua sponte order arbitration because both parties waived their right to enforce the Arbitration Provision. Contracting parties may waive arbitration, *Theising*, 805 N.E.2d at 776, and such waiver will be presumed when a party chooses to "proceed before a nonarbitral tribunal" to resolve a contractual dispute, *Prof'l Constr., Inc. v. Historic Walnut Square, LLC*, 224 N.E.3d 352, 360 (Ind. Ct. App. 2023) (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995)).

[9] Here, both parties chose to file their complaints in the trial court and proceed before the trial court instead of enforcing the Arbitration Provision. At no time prior to the trial court's arbitration order did either party seek to enforce the Agreement arbitration provision. In fact, the District represented that it had considered filing a motion to compel arbitration but decided not to. On these facts, it is clear that both parties waived the Arbitration Provision.

[10] Because the parties unequivocally waived their agreement to arbitrate their disputes in this case, the trial court erred by ordering the matter to arbitration. *See JK Harris & Co., LLC v. Sandlin*, 942 N.E.2d 875, 884–85 (Ind. Ct. App. 2011) (rejecting party's argument that trial court "was required to affirmatively protect its contractual interests" in arbitration), *trans. denied*; *Auto. Mechcs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 747

(7th Cir. 2007) (concluding district court could not enforce arbitration clause when "litigants turn[ed] their back on their right to enforce" it), *abrogated in part on other grounds by Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978 (7th Cir. 2024); *Wein v. Morris*, 944 A.2d 642, 648–49 (N.J. 2008) (holding parties' "unequivocal waiver" of arbitration provision prohibited trial court from enforcing said provision); *Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 798 (N.D. Ill. 2013) ("District courts should not *sua sponte* enforce arbitration clauses."); I.C. §§ 34-57-2-1(a), -2, -3(a) (providing that arbitration may only be initiated by contracting parties, those in privity with them, or a third-party specifically designated to do so); 9 U.S.C. §§ 2–4 (same); *Conn Appliances Inc. v. Powers*, 417 P.3d 390, 393 (Okla. Civ. App. 2018) (determining trial court "erred by ordering the parties to arbitration in the absence of a motion by a party"). Furthermore, it is apparent that the trial court only denied the parties' summary judgment motions because it ordered them to arbitrate the disputes identified by those motions.

[11] Based on the foregoing, we reverse the trial court's orders denying the parties' summary judgment motions, ordering the matter to arbitration, and affirming the arbitrator's award. We remand with instructions for the trial court to vacate those orders and to consider the merits of the parties' summary judgment motions.

[12] Reversed and remanded.

May, J., and Mathias, J., concur.

ATTORNEY FOR APPELLANT

Bryce Runkle
Peru, Indiana


ATTORNEY FOR APPELLEE

Joseph W. Eddingfield
Wabash, Indiana